## Wade, et al. v. Wade, et al.

(Decided May 7, 1913.)

### Appeal from Franklin Circuit Court.

1. Judicial Sales—Contingent Right of Dower.—Under section 495 of the Civil Code of Practice, as amended by the Act of 1902, a married woman may be divested of her contingent right of dower, in an action brought to sell the land upon the ground of indivisibility; and the sale may be ordered with or without her consent, provided the court provides a reasonable compensation to her out of the proceeds of sale.

2. Judicial Sales—Compensation for Dower.—Under section 495 of the Civil Code of Practice, which requires the court to provide a reasonable compensation to a married woman in satisfaction for her contingent right of dower in a tract of land sold under section 490 of the Code,, the chancellor is vested with a sound discretion in making said compensation, and may adjudge the married woman a lump sum of money absolutely, according to the life tables, instead of allotting dower to her.

3. Judicial Sales—Guardian Ad Litem for Infant Defendants.—In an action brought under sub-section 2 of section 490 of the Civil Code, to sell land upon the ground of its indivisibility, a judgment rendered against an infant defendant who has no statutory guardian, and for whom no guardian ad litem was appointed, is erroneous; the court being unauthorized to sell the interest of the said infant.

PAUL C. GAINES, Guardian ad litem.

JAMES H. POLSGROVE for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

Preston Wade, a resident of Franklin county, died intestate in 1908, and left surviving him his widow Kate, and their children, Robert L. Wade, Mattie Wade, Walter Wade, Bettie M. Wade and Hattie M. Wade. He left a farm of 217 acres near Benson, in Franklin county. The widow has since married Leonard Moore.

On February 6, 1912, Robert L. Wade, the adult son, and his mother Kate Moore, and her husband Leonard Moore, brought this action against the four infants, and Hattie Wade the infant wife of Robert L. Wade, for a sale of the farm and a division of the proceeds, upon the ground that said farm could not be divided without materially impairing the value of the respective interests therein. Mattie Wade is 17 years of age, Walter is 13, Bettie is 7, and Hattie M. is 4 years of age. Hattie Wade, the wife of Robert L. Wade, is 18 years of age.

Proof having been taken as to the ownership and indivisibility of the farm, it was sold to Mrs. Moore for $6,100; and the sale having been confirmed, the infant defendants by their *guardian ad litem* prosecute this appeal.

1. It is suggested as a reversible error, that the contingent right of dower of Hattie Wade, the infant wife of Robert L. Wade, was not divested, because she did not consent either upon privy examination, or otherwise, to the sale as is required by section 495 of the Code. It is

true, section 495, *supra,* as originally drawn, required the wife's consent to the sale, upon her privy examination having been taken, in order to divest her of her contingent right of dower, and that a reasonable compensation should be made to her out of the proceeds of sale; but, under the act of 1902, which amended section 495, *supra,* the court may, with or without her consent, order a sale of land free from a married woman's vested or contingent right of dower in land sold under section 490, as was done here.

Said amendment further provides that a reasonable compensation shall be made to her out of the proceeds of sale, or that she shall have the same right in property purchased with the proceeds as she had in the property sold.

In this case the judgment expressly provides that the value of Hattie Wade's contingent right of dower is secured to her out of the share going to her husband, Robert L. Wade, by a lien on the land, until she becomes 21 years of age, when it shall be paid to her. This was all the law required to divest her of her contingent right of dower. Finney v. Finney, 144 Ky., 120.

2. Furthermore, the judgment of the chancellor ascertaining and fixing the value of the widow's dower was a compliance with that provision of section 495 of the Code, which requires the court to provide for the widow a reasonable compensation out of the proceeds of the sale. In speaking of this statute in McClain v. McClain, 152 Ky., 208, we said:

"The meaning of the statute is to vest a sound discretion in the chancellor, and to authorize him to adjudge her compensation for her dower, instead of allotting to her dower. The discretion of the chancellor is to be exercised in view of all the facts of the case so as to best protect the interest of all the parties. The widow may not demand a sale of the property so that she may obtain a certain sum absolutely in lieu of dower, but where for other reasons the property is sold, and she prefers to take a lump sum absolutely, the chancellor in his discretion may so adjudge."

In the case at bar the property was sold because of its indivisibility, and in allowing the widow a lump sum as compensation for her dower, the chancellor did not abuse his discretion.

3. There is no allegation, however, in the petition that the infants have no statutory guardian; and

while the clerk's order endorsed upon the petition, shows that Paul C. Gaines, a regular practicing attorney of the court, was appointed guardian *ad litem* for the infant defendants, Walter, Hattie M. and Bettie M. Wade, it is nowhere shown that any one was ever appointed guardian *ad litem* for the infant defendant Mattie Wade. The order made by the clerk upon the petition on March 8, 1912, the day it was filed, properly related to the infants under 14 years of age, and was made for the purpose of having summons served upon them, as is required by section 52 of the Civil Code. The summons was served upon Mattie Wade, she being over 14 years of age, by delivering a copy to her on March 15, 1912, but no guardian *ad litem* was ever appointed for her. She was not therefore before the court, and the court was not authorized to sell her interest. The fact that Paul C. Gaines, who was the guardian *ad litem* for the other infant defendants, attempted to answer for Mattie Wade, cannot affect the case, since he had never been appointed guardian *ad litem* for her, and his act in attempting to answer for her was unauthorized.

For the error indicated, the judgment is reversed, with directions to the circuit court to set aside the sale.