## Smith et al. v. Smith et al.

(Decided June 22, 1934.)

STEPHENS & STEELY and KENDRICK ALCORN for appellants.

TYE, SILER, GILLIS & SILER and THOS. F. YOUNG for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

G. M. Smith, a resident of Whitley county, Ky., on January 5, 1925, died intestate, leaving Anna May Smith, Roger Smith, Elizabeth Smith, Jack Smith, Edna Smith, Challis Smith, and William Smith, his sons and daughters, surviving him as his widow and heirs at law. He was the owner and in possession of the New Smith Hotel, a 48-room building, located at Corbin. He and John W. Jones owned the Central Hotel located in the same city. The Central Hotel was damaged by fire after the death of Smith. It was insured for about $7,000 which was collected and used in repairing the building. O. C. Roaden furnished labor and material in the painting of it, and H. M. Webster, a plumber, furnished labor and material to install the plumbing.

Roaden, asserting a materialman's lien, filed an action in the Whitley circuit court against the Smiths, Jones, the First National Bank of Corbin, and Ola Randall, to recover of Jones and the Smiths $357.36 with interest from July 25, 1930, and to enforce a mechanic's lien on the Central Hotel property to satisfy his debt and interest. Webster, asserting a mechanic's lien on the New Smith Hotel, brought an action against the Smiths, A. M. Steely, and the F. B. Heath Lumber Company to recover $323.48 and interest and to enforce a mechanic's lien to satisfy same.

Anna May Smith, Roger Smith, Elizabeth Smith, and Jack Smith filed an action against Edna Smith, Challis Smith, and William Smith to sell the New Smith Hotel property and the one-half interest in the Central Hotel property, and divide the proceeds among them.

The First National Bank of Corbin, in the action of Roaden against Jones et al., filed an answer and made it a cross-petition against John W. Jones. It alleged Jones was indebted to it, $4,500, evidenced by certain notes secured by a lien on his one-half interest in the Central Hotel property. A. M. Steely, in the action of Webster v. Smith, filed an answer in which

he sought to recover of Challis Smith on a note of $1,000, secured by a mortgage on his interest in the New Smith Hotel and the Central Hotel properties. It was denominated "answer and cross-petition."

Ola Randall filed an answer in the action of Roaden v. Jones et al. to recover on a note of John W. Jones, secured by a mortgage on his half interest in the Central Hotel property.

The Smiths, by an appropriate pleading, joined issues with Roaden and Webster as to the amount of their debts and their right to mechanics' liens as against the Smiths' interest in both properties. The three actions were consolidated and ordered to be tried and heard together. Evidence was taken and filed in behalf of Roaden, Webster, and the Smiths in their respective efforts to sustain the allegations of their pleadings.

In the petition of Roaden, Webster, and the Smiths it is averred that William Smith was a minor over the age of fourteen.

The record here presented for review comprises 235 pages and is certified by the clerk as containing "a true, correct and complete copy of the record."

From our examination of it we are unable to find a summons issued for and served on William Smith, the minor, in either action; nor do we find that a guardian ad litem was appointed for him in two of them. An order was entered appointing a guardian ad litem for him in the action of Webster, but we find no report of the guardian ad litem. Anna May Smith, guardian for William Smith, and William Smith joined with their co-defendants in the separate answers to the petitions of Roaden and Webster. On the pleadings, the returns of the process, with the evidence in behalf of Roaden, Webster, and the Smiths, "on motion of the plaintiffs," the actions were submitted for judgment. The judgment recites:

> "That the properties described in the petitions and pleadings filed in these consolidated actions be sold by the master commissioner for the satisfaction of such liens as may be hereafter judged against said lands, if any, then for a distribution among the heirs and widow of G. M. Smith * * * and the defendant, John W. Jones, according to their respective interests therein."

Edna Smith and Challis Smith excepted, and prayed an appeal to this court. They are here insisting on a reversal on a number of the grounds.

The provisions of the Code governing the sale of infants' land were disregarded by the parties and the court.

In an action to sell a vested estate in real property jointly owned by two or more persons, if the estate in the possession or property cannot be divided without materially impairing its value, the guardian of an infant may join with the adult owners in his own name without making the infant either a party plaintiff or defendant. Ellis v. Smith's Guardian, 147 Ky. 99, 143 S. W. 776; Howard v. Singleton, 94 Ky. 336, 22 S. W. 337, 15 Ky. Law Rep. 309.

The Smiths, in their action for the sale of the real property and division of the proceeds, made the infant, William Smith, not a party plaintiff but a defendant. A judgment of sale in such action is erroneous if the infant owner is made a defendant and no guardian ad litem is appointed for him. Wade v. Wade, 153 Ky. 618, 156 S. W. 138. In an action to sell real estate jointly owned by two or more persons, one or more of whom are infant residents of the state of Kentucky, if it cannot be divided without materially impairing its value, it is indispensably necessary that the infant or infants, when made defendants in the action, be served with process if over fourteen years of age, as provided by section 48, if under fourteen as provided by section 52, Civil Code of Practice, unless his guardian answers for him. Shelby v. Harrison, 84 Ky. 144.

Section 36, Civil Code of Practice, directs that no judgment shall be rendered against an infant defendant until a regular guardian or committee or guardian ad litem of such defendant shall have made defense or shall have filed a report stating that after a careful examination of the case he is unable to make defense. It is a reversible error to render a judgment against an infant in the absence of a compliance with this Code provision. A judgment against an infant before report of the guardian ad litem is filed is erroneous. Curd v. Williams, 18 S. W. 634, 13 Ky. Law Rep. 855; Allsmiller v. Freutschenicht, 86 Ky. 198, 5 S. W. 746, 9 Ky. Law Rep. 509; Bowles v. Bowles, 222 Ky. 325, 300 S. W. 880.

It appears from the record, the actions were pre-

pared and ready for submission on the issues made by the pleadings except the Smiths' action as to the infant defendant. If the evidence to the satisfaction of the court established the Smiths' defense to the debts or the liens of Roaden or Webster, or both, it was improper in the particular circumstances to decree a sale of the real estate as to their debts and liens until the court determined these issues. As to Roaden and Webster the consolidated case was ready for trial, and they and the Smiths were entitled to a trial on the merits before or at the time of the entry of the decree directing the sale of the property to satisfy Roaden's and Webster's liens.

An action should not be tried by "piecemeals" after issues are formed and the evidence is on file. The court had no right without the consent of the parties to take a case up and hear it, on issues not admitted, except as prescribed by the Code in opposition of either party. Mattingly v. Bosley, 2 Metc. 443.

No valid reason is shown for decreeing a sale of the property and at the same time postponing the adjudication of the claims of Roaden and Webster and the Smiths' defenses thereto. Such proceeding oftentimes is proper and necessary, and if this was the only ground of a reversal, it might not alone be considered sufficient.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.