## JONES v. JONES.
### No. 6120.

United States Court of Appeals for the District of Columbia.

Argued April 5, 1934.
Decided Aug. 6, 1934.

Raymond Neudecker and Jean M. Boardman, both of Washington, D. C., for appellant.

Henry M. Fowler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

#### PER CURIAM.

The present case was begun in the Supreme Court of the District of Columbia by Bertie P. Jones, as plaintiff, against William R. Jones, as defendant, the parties being husband and wife, by a bill filed by the plaintiff praying for a divorce, a vinculo matrimonii, from the defendant and for the custody of their minor child, Doris Jones, and also for an order allowing maintenance for the support of the child.

On March 28, 1933, an absolute divorce was awarded the plaintiff as prayed by her, and she was granted the custody of their minor child. It also was ordered by the court "that the said William R. Jones pay to the plaintiff, Bertie P. Jones, the sum of $55 per month toward the support and maintenance of Doris Jones, infant daughter of plaintiff and defendant, during her minority, said amount being payable semimonthly in equal installments on the first and fifteenth of each month * * *."

On August 8, 1933, the plaintiff, Bertie P. Jones, filed a petition in the same case, charging that the defendant was in arrears for certain installments of the allowance granted to the minor child due July 1 and 15, 1933, and praying that a rule should issue against the defendant to show cause why he should not be adjudged in contempt of court for disobedience of the court's decree. A rule to show cause was issued upon this petition.

On August 14, 1933, the defendant filed an answer to the rule alleging that his daughter, Doris Jones, had attained her majority on June 27, 1933, and claiming that under the court's order he was not required to make any further payments to her inasmuch as the payments were to continue only during her minority. He alleged also that she was now able to maintain and support herself.

The court heard the matter upon the petition, the rule to show cause, and the answer thereto, and held that "it appearing that the maintenance for the child of said parties alleged to be in default under the provisions of the decree of March 28, 1933, is claimed to have accrued subsequent to the time said child attained the age of 18 years, it is by the court, this 24th day of August 1933 ordered that the said rule be, and the same hereby is, discharged."

An appeal to this court was thereupon taken by the plaintiff, Bertie P. Jones, from the court's order.

It may be noted that the court's order for payment of maintenance required the defendant to pay the monthly allowance for the support and maintenance of his infant daughter "during her minority." The lower court held that the "minority" of the daughter had ceased when she attained the age of 18 years, and consequently that the defendant was not required to make further payments to her after that time. The sole question involved in the present case therefore is whether the minority of Doris Jones ceased when she attained the age of 18 years.

We think that the lower court erred in holding that under the laws of this District the infant daughter attained her majority when she reached the age of 18 years.

■ It is conceded that under the common law infants, whether male or female, attained their majority at the age of 21 years. It is also conceded that the Legislature may regulate the age of majority for infants in all cases, or for specified purposes only. The question to be determined therefore is whether or not in this jurisdiction the common-law rule requiring the father to support a female child until she attains the age of 21 years has been changed by statute.

■ It is an established rule of statutory construction that statutes changing the common law are to be strictly construed. McCarthy v. McCarthy, 20 App. D. C. 195. In that case, Chief Justice Alvey said: "And so no statute is to be construed as altering the rules of the common law, farther than its words plainly import."

■ We find no statute in force in the District of Columbia which clearly provides that female infants shall as a general rule attain their majority at the age of 18 years. It is true that exceptions to the common law rule have been provided by statute; these, however, recognize the continued existence of the general rule of the common law.

Section 393, D. C. Code 1924 (D. C. Code 1929, T. 29, § 302), provides that a female is entitled to receive a bequest of personal property at the age of 18. Section 403, D. C. Code 1924 (D. C. Code 1929, T. 15, § 14) provides that the utmost term for apprenticeship for males shall be until they attain the age of 21 years and for females until they attain the age of 18. Section 494, D. C. Code 1924 (D. C. Code 1929, T. 14, § 51) provides that a wife may release her dower at the age of 18. Section 1126, D. C. Code 1924 (D. C. Code 1929, T. 15, § 58), provides that the natural or appointive guardianship of the person of infants shall cease in the case of males at 21 years and in the case of females at 18 years. Section 1292, D. C. Code 1924 (D. C. Code 1929, T. 14, § 10), provides that no license shall issue without the consent of the parents for the marriage of males under 21 or for the marriage of females under 18. Section 1625, D. C. Code 1924 (D. C. Code 1929, T. 29, § 21), provides that males may make a will at 21 and females at 18. These provisions when rightly construed indicate a legislative purpose simply to provide exceptions to the general rule applicable to particular circumstances, and they would all be unnecessary if the female at the age of 18 regularly attained her majority. For example, section 393 providing that a female is entitled to receive a bequest of personal property at the age of 18, would be wholly unnecessary if at the age of 18 the female by general rule attains her majority. The same reasoning applies to all of the other provisions. The appellee relies especially upon section 1126, supra, which provides that natural or appointive guardianship of the person of infants shall cease in the case of males at 21 and in the case of females at 18. It may be noted, however, that this section relates to the guardianship of the person of infants only, and does not broadly abrogate the rule of the common law as to the age of majority.

In the case of Tuohy v. Trail, 19 App. D. C. 79 (December 3, 1901), in an opinion by Chief Justice Alvey, it was held by this court that a father was legally entitled to the services of his daughter until she was 21 years of age, and that in the absence of proof that he had emancipated her and had agreed to pay her she could not recover from his estate for the value of services rendered to him by her between the ages of 18 and 21 years. This decision accordingly was based upon the common law rule that the daughter was a minor until she attained the age of 21 years.

In the case of Greenwood v. Greenwood, 28 Md. 369, it was held that the legal control of a father over the person of his daughter and his right to her services continue until she attains the age of 21 years.

In McKim v. Handy, 4 Md. Ch. 228, 236, it is said: "That the minority of females, as well as males, continues until twenty-one, at common law, is too clear for dispute, and I do not understand that there is any thing in our legislation which abridges the period to every intent and purpose, though we have several acts of Assembly which confer capacities upon females under 21, which they would otherwise be incompetent to exert. * * * There can be no doubt, therefore, that a female, at the age of 18 years, is entitled to receive her property of her guardian, and may release and acquit him in respect thereof. But, still, it is said, her legal minority does not cease until she is 21 years of age, and it is very clear, I think, that for many purposes, it does not."

We may add that we are the more convinced that this construction of the court's rule is correct by reason of the fact that on March 28, 1933, when the order of maintenance was issued by the court, the infant daughter of the plaintiff and defendant had already attained the age of 17 years and 9 months. According to the appellee's interpretation the allowance would continue thereafter for a period of three months only. It is

unreasonable to believe that it was the intention of the court to make this provision for such a period.

We therefore find that the decision of the lower court should be, and it hereby is, reversed with costs, and the cause is remanded for further proceedings not inconsistent herewith.