## INTERSTATE BANKERS CORPORATION v. LARSEN.

### No. 26.

Municipal Court of Appeals for the District of Columbia.

Dec. 28, 1942.

Alfred F. Goshorn, of Washington, D. C., for appellant.

Elwood H. Seal, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Action was brought by appellant, as holder of a promissory note, against the maker, who, at the time of the transaction was, and is now, a female person between the ages of eighteen and twenty-one years. A plea of infancy was sustained and judgment entered for the defendant.

The only question presented for decision is whether the defendant reached her majority at the age of eighteen years for the purpose of entering into such a contract, which, it was admitted, did not involve the purchase of necessaries.

By the common law, which is applicable in the District of Columbia unless changed by legislative action, a person, male or female, acquires legal capacity when he or she reaches the age of twenty-one years. By legislation extending over many years, Congress has by specific legislative acts permitted a female person to assume various legal obligations at the age of eighteen years. She may then receive bequests of personal property, release dower rights, execute a will and marry without parental consent.

This legislation was reviewed in Jones v. Jones, 63 App.D.C. 373, 72 F.2d 829, 95 A.L.R. 352, and it was there held that except in respect of the special matters provided for by statute, a female person does not attain her majority until twenty-one years of age.

It is urged by appellant that in so deciding the United States Court of Appeals for the District of Columbia did not give consideration to an expression found in Section 101, Title 19, D.C.Code 1940, entitled "Capacity to Make Will", which requires that "the person making the same be, if a male, of the full age of twenty-one years, and if a female, of the full age of eighteen years". The argument in behalf of the appellant is that the expression "the full age of eighteen years" was intended generally to recognize a female who attains that age as competent for all purposes.

While the opinion in Jones v. Jones, supra, did not discuss the possibility of such a construction of this provision, that would not in our judgment authorize us to disregard its conclusions. However, that court did indirectly answer the very contention made by appellant. It cited in support of its opinion Greenwood v. Greenwood, 28 Md. 369. In that case the contention of the appellant was identical with that made here. The common law rule, fixing twenty-one years as the age at which a female attains her majority, it was held, remained unchanged by a statute which authorized a parent to bind a child as an apprentice for any time not longer than the "full age" of such child "that is to say, boys till twenty-one, and girls till eighteen years of age". It was held that the legislature would not be presumed to have intended to make any innovation upon the common law further than the special subject of the provision required, and that no legislation of a general character repealing the common law was intended.

The decision of the trial court was right and is therefore affirmed.

Affirmed.