340

## GRAY v. DROZE.
### No. 548.

Municipal Court of Appeals for the
District of Columbia.
Oct. 20, 1947.

Richard A. Mehler, of Washington, D. C.
(William G. Talbot, of Washington, D. C.,
on the brief), for appellant.

No appearance for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This case is here for review of a judgment entered in the Small Claims Branch of the Municipal Court. We granted the appeal because from the application it appeared that the defendant was an infant and that her rights had not been protected as required by law.

The suit was for the return of a small loan of money. The defense, as it developed, was that the loan had been made not to the defendant personally but as agent for and in behalf of her husband. At the outset of the trial the attorney for defendant made a verbal motion to dismiss on the ground that defendant was an infant. The motion was overruled. The statement of proceedings and evidence recites that defendant's attorney did not at that time offer evidence to substantiate the claim of infancy and did not move for the appointment of a guardian ad litem.

Then, after plaintiff's testimony was in, the defense attorney again moved to dismiss because defendant was an infant at the time of the transaction (and on another ground which we need not discuss here). This motion was also overruled. Defendant then offered testimony to the effect that she had borrowed the money not for herself but on her husband's behalf, and that plaintiff knew this. She did not testify concerning her age.[1] The trial

---

[1] Her attorney has attached to his brief a certificate showing that she was born on March 6, 1927. If she was in fact twenty years of age she would not ordinarily be liable, because in this jurisdiction a female remains an infant for general purposes, until she reaches the age of twenty-one, even if she be married. Jones v. Jones, 63 App.D.C. 373, 72 F.2d 829, 95 A.L.R. 352; Interstate

341

judge entered judgment against her and she thereupon filed in this court her application for appeal.

We think the judgment must be vacated and the case returned to the trial court so that a guardian ad litem may be appointed for the defendant (assuming the evidence shows her to be a minor) before the case is again tried on its merits.  This duty is placed upon the trial court by Code 1940, § 13—105, which provides in part: "Whenever an infant is a party defendant in any suit, in equity or at law  *  *  *  it shall be the duty of the court to appoint a suitable and competent person guardian ad litem for such infant, to appear for and defend such suit on his behalf  *  *  *."

■ Perhaps defendant's attorney should have pressed the claim of infancy more strongly than he did and made formal request for appointment of a guardian ad litem.  Perhaps also he should have insisted on offering testimony as to defendant's age.  He says he tendered such testimony, but the statement of evidence does not bear him out.  Nevertheless, in view of the code provision we have just cited, when the defense of infancy was asserted it became the duty of the trial court to satisfy itself as to the age of defendant and, if her infancy were established, to appoint a guardian ad litem before proceeding with the trial.  This we think is required by the statute, and we cannot say that it could have been accomplished only by formal written motion.  Certainly we cannot lay down so strict a rule for the Small Claims Court which is governed by informal procedure,[2] and where the judge is required in advance of every trial, to elicit from the defendant or his attorney a statement of the nature of his defense.[3]

It has several times been held that before a valid judgment can be entered against a minor a guardian ad litem must be appointed for him.  O'Hara v. McConnell, 93 U.S. 150, 23 L.Ed. 840; American Employees' Ins. Co. v. Lindquist, D.C.N.D. Cal., 43 F.Supp. 610; In re Morris' Estate, D.C.D.C., 25 F.Supp. 454; Williams et al. v. Patterson, Tex.Com.App., 288 S.W. 132; In re Jaeger's Will, 218 Wis. 1, 259 N.W. 842, 99 A.L.R. 738; Smith et al. v. Smith et al., 255 Ky. 191, 72 S.W.2d 425.[4]  Some courts have held that failure to appoint a guardian ad litem for an infant defendant renders the ensuing judgment void,[5] while others have said that though such judgments are not void they are reversible because of the procedural omission.[6]  One court has held that when the minor fails to ask for the appointment of a guardian ad litem the opposing party must do so,[7] and another has said that the plaintiff has the burden of ascertaining whether the defendant is adult or infant.[8]  A recent New York case holds that when it appears that the rights of an infant party are in danger of being prejudiced the court ought, without waiting to be specifically invoked to do so, to exercise its protective jurisdiction in behalf of the infant.[9]  And in Alabama it has been held that when there has been a failure to appoint such a guardian for an infant it is an irregularity which an appellate court must notice on its own motion.[10]

■■ We have referred to these various decisions not because we subscribe to

Bankers Corp. v. Larsen, D.C.Mun.App., 32 A.2d 103.  But the certificate mentioned was apparently not in evidence in the trial court, and we cannot consider it as part of the record before us.

[2] Hodgkins v. Beckner, D.C.Mun.App., 32 A.2d 113; Simmons v. Quick, D.C. Mun.App., 37 A.2d 656.

[3] Small Claims Court Rule 13(c); Potomac Small Loan Co. v. Myles, D.C. Mun.App., 34 A.2d 609.

[4] See also Barnes v. Paanakker, 72 App.D.C. 39, 111 F.2d 193, where the United States Court of Appeals for this district ruled that a guardian ad litem must be appointed for infants in an adoption case.

[5] Scaife v. Jones, 156 La. 5, 99 So. 890; Kanter v. Holland, 154 Va. 120, 152 S.E. 328; Broyhill v. Dawson, 168 Va. 321, 191 S.E. 779.

[6] Polk et al. v. Chase Nat. Co. et al., 120 Fla. 243, 162 So. 521; In re Thompson's Will, 212 Wis. 172, 248 N.W. 167; Pacilio v. Scarpati, 165 Misc. 586, 300 N.Y.S. 473.

[7] Caskey v. Peterson, 220 Wis. 690, 263 N.W. 658.

[8] Broyhill v. Dawson, supra.

[9] Bogartz v. Astor, Sup., 45 N.Y.S.2d 74.

[10] Pritchett v. Dixon, 222 Ala. 597, 133 So. 283.

all that they say and not with any intention of choosing from among them for the basis of our decision in this case. We have cited them to emphasize the firmly established policy of the law that infants are entitled to the special protection of the courts whenever it is sought to bring them in as party defendants. That policy is made clear in our statute which, as we have said, lays a mandatory duty on the trial courts to provide for every underage defendant the protection of a guardian ad litem. As part of that duty the trial judge should, whenever the defense of infancy is advanced, make inquiry as to the actual age of defendant. Otherwise, as happened here, the question may remain unresolved and serious injustice may result.

Reversed for further proceedings in accordance with this opinion. Costs in this court to be borne by appellant.