Edith H. BESARICK, Appellant,

v.

Martha LEWIS, Appellee.

No. 1857.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 6, 1956.

Decided Sept. 14, 1956.

. Edith H. Besarick, appellant pro se.

Irving Kator, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

This was a suit for rent due for an apartment allegedly rented to defendant. Among other defenses the answer recited that defendant was an infant and therefore any transaction with her landlord was either void or voidable. Later, defendant filed a motion for summary judgment and for an attorney's fee to be assessed against plaintiff. The principal ground relied upon in

the motion was her legal incapacity to be bound by a contract because of her infancy. The request for an attorney's fee was bottomed upon the provisions of Code, § 13-105. A few days afterwards, plaintiff filed a praecipe asking that her case be dismissed "without prejudice". When the motion came on for hearing, defendant's counsel stated that the praecipe to dismiss having been filed subsequent to his motion, he would agree to the dismissal if it would not prejudice his motion for a fee; the court agreed that he could argue the latter motion. Whereupon he filed a birth certificate showing the defendant to be not quite twenty years of age and advanced reasons in addition to her infancy as to why there was no proper basis for the suit. The court entered an order allowing an attorney's fee, and this appeal followed.

Plaintiff, appearing in this court in her own behalf, questions the reasonableness of the fee. But as we view the matter, a more serious question is whether the trial court had the right to award any fee.

The pertinent portions of Code, § 13–105, read as follows:

"Whenever an infant is a party defendant in any suit, * * * *it shall be the duty of the court to appoint a suitable and competent person guardian ad litem for such infant, to appear for and defend such suit on his behalf, and whenever in the judgment of the court the interests of such infant shall require it the court shall assign * * * [an] attorney to represent such infant, whose compensation shall be paid by the plaintiff, or out of the estate of such infant, at the discretion of the court.*" (Emphasis supplied.)

We held in Shipley v. Major[1] that in the absence of express statutory authority, attorneys' fees are not taxable as costs and that if such a fee is allowable it would have to rest on contractual provisions between the parties. The Code section referred to first provides that when an infant is sued " * . * * it shall be the duty of the court to appoint * * * a guardian ad litem for [the] infant, * * *" and that when " * * * in the judgment of the court the interests of such infant shall require it the court shall *assign* * * , * [an] attorney to represent such infant, * * *." (Emphasis supplied.)

We held in Gray v. Droze[2] that trial courts have a mandatory duty to appoint a guardian ad litem for every infant who is sued. Here there was no such appointment. Assuming, arguendo, that under the Code section the court could have appointed counsel, without first having appointed a guardian ad litem, it is obvious that in this case counsel was selected by the defendant herself and not by the court. We cannot agree with counsel for defendant that by awarding him a fee the court impliedly "appointed" him; the statute definitely contemplates an express appointment when the court is of the opinion that "the interests of such infant shall require it". Under the circumstances the court was without power to assess the fee.

Defendant urges that inasmuch as the plaintiff did not assign as error lack of authority in the lower court to allow an attorney's fee, that question should be disregarded on appeal, citing Shellman v. Shellman[3] and Cooper v. Sillers.[4] While this is the normal rule, the United States Court of Appeals said in the former case " * * * the court at its option may notice and pass upon plain errors not assigned." The Supreme Court in Hormel v. Helvering[5] said:

"Rules of practice and procedure are devised to promote the ends of justice,

1. D.C.Mun.App., 44 A.2d 540, see also Krupsaw v. W. T. Cowan, D.C.Mun.App., 61 A.2d 624.

2. D.C.Mun.App., 55 A.2d 340.

3. 68 App.D.C. 197, 95 F.2d 108, 109.

4. 30 App.D.C. 567.

5. 312 U.S. 552, 61 S.Ct. 719, 721, 85 L. Ed. 1037.

**322**

not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice. * * *"

We feel that "fundamental justice" requires that we consider and correct the plain error of the court in awarding an attorney's fee without strictly complying with the governing statutory provisions. Under the circumstances we also deny the motion made by defendant in this court for allowance of an additional fee for services in connection with this appeal.

Reversed.