Myer KOONIN, next friend of Clara Louise Donnelly Hornsby, Appellant,

v.

Harmon Hilt HORNSBY, Appellee.

No. 2117.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 6, 1958.

Decided April 15, 1958.

---

Myer Koonin, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant through a next friend filed a petition praying that her marriage to appellee be declared null and void on the ground that the latter had a former wife living from whom he had never been divorced. The petition was dismissed without prejudice for appellant's failure to satisfy the jurisdictional requirements set forth in Code 1951, § 16–401.

In June 1956 appellant, a minor, came to this city, where she has been employed by one of the agencies of the Federal Government. She resided with friends in the District until October of the same year when she married the appellee, who was also a resident here. Following the marriage, which was performed in Maryland, the parties went to Alexandria, Virginia, intending to live there only until such time as adequate living quarters could be found in Washington. In December 1956, two months later, appellant learned of her husband's previous undissolved marriage for the first time. She immediately left him,

went to the home of her parents in another part of Virginia for a few days, and returned to this city to live with her friends in the same apartment house in which she resided on her arrival here in June 1956.

In reaching its decision to dismiss, the trial court concluded that appellant was not domiciled in the District for the statutory period because of her residence in Virginia with appellee. We agree that the court was without jurisdiction in this case and affirm the judgment but for reasons other than those adopted by the trial court.[1]

We start with the proposition that a marriage void in the state where performed is void in the District of Columbia. Rhodes v. Rhodes, 68 App.D.C. 313, 96 F.2d 715, certiorari denied 305 U.S. 632, 59 S.Ct. 99, 83 L.Ed. 405. The parties were married in Maryland, and under the law of that jurisdiction a second marriage contracted while a first marriage exists undissolved is a nullity without the passage of any judicial decree declaring it void. Townsend v. Morgan, 192 Md. 168, 63 A.2d 743. Similarly, a marriage under these circumstances is void *ab initio* in the District without being so decreed.[2] However, where a judicial decree of nullity is sought in the courts of this jurisdiction, the petitioning party must establish that he has been a bona fide resident of the District for at least one year preceding the application. Code 1951, § 16–401. For purposes of this statute residence means domicile. Jones v. Jones, D.C.Mun.App., 136 A.2d 580; Stephenson v. Stephenson, D.C. Mun.App., 134 A.2d 105.

With certain statutory exceptions, the common-law principle that a minor, male or female, does not attain majority until the age of twenty-one is too well settled for dispute.[3] By operation of

1. Laughlin v. Eicher, 79 U.S.App.D.C. 266, 145 F.2d 700, certiorari denied 325 U.S. 866, 65 S.Ct. 1403, 89 L.Ed. 1985; Jones v. District of Columbia, D.C.Mun.App., 123 A.2d 364.

2. Code 1951, § 30–101.

3. Jones v. Jones, 63 App.D.C. 373, 72 F. 2d 829, 95 A.L.R. 352; Interstate Bankers Corporation v. Larsen, D.C.Mun. App., 32 A.2d 103.

law the domicile of a minor is that of his parents, if they are living together, and cannot be changed by any voluntary act of the infant.[4] An exception to the rule is recognized in the event of marriage by a minor daughter. The marital status being so inconsistent with parental care and control is said to work a complete severance of the filial relationship. Davis v. Davis, 68 App.D.C. 240, 96 F.2d 512, reversed on other grounds 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518. The application of this exception presupposes a *valid marriage,* and a void marriage does not by operation of law change the domicile of a woman to that of the supposed husband unless being *sui juris* she acquires his domicile by choice.[5] Several state courts have held emancipation by act of parents to be a further exception conferring on a minor the right to acquire a domicile by choice. This, however, must be proved by clear and convincing evidence, and the total absence of proof in this case precludes its consideration.[6]

■ At the time of this suit, appellant was a girl of nineteen and could neither acquire a domicile by choice in the District of Columbia before or after her marriage to the appellee. Although a marriage under these circumstances is unquestionably contrary to strong public policy, this is not reason to dispense with the statutory jurisdictional requirements. The decree sought by appellant is available in her domiciliary state [7] and in the state where the marriage was performed.[8]

■ In passing, we mention that this suit was brought in the name of a next friend. This procedure is correct in an annulment proceeding where the minor is under the age of consent. However, as here, where the female minor was over the age of eighteen, the suit should have been brought in her name. Code 1951, § 30–104. The trial judge quite properly brought this to the attention of counsel and permitted the case to proceed. In view of this the error will not be regarded as fatal for purposes of this appeal.

Affirmed.

4. Cf. Simonds v. Simonds, 81 U.S.App.D.C. 50, 154 F.2d 326, 13 A.L.R.2d 1138; Schneider v. Schneider, 78 U.S.App.D.C. 383, 141 F.2d 542.

5. Restatement, Conflicts of Law § 27, comment d (1934); Goodrich on Conflicts of Law § 34 (3d ed. 1949).

6. 39 Am.Jur., Parent and Child, § 64.

7. Code of Virginia 1950, §§ 20–43, 20–89.

8. Annotated Code of Maryland 1951, art. 16, § 31; see also Montgomery v. U'Nertle, 143 Md. 200, 122 A. 357.