James **HAMER**, Appellant,

v.

**EASTERN CREDIT ASSOCIATION, INC.,**
**Assignee of Acacia Employees Federal Credit Union, Appellee.**

**No. 3207.**

District of Columbia Court of Appeals.

Argued April 29, 1963.

Decided June 19, 1963.

judgment by default. About nine months later, appellant moved to set aside the judgment alleging that he was an infant at the time he signed the note. A verified affidavit giving appellant's date of birth accompanied the motion. This date, if accurate, would have established appellant's infancy. Nevertheless, the motion was denied and this appeal followed.

Code 1961, Section 13–105 provides:

> "Whenever an infant is a party defendant in any suit, in equity or at law, the subpoena or summons issued in such suit shall be served upon him personally, * * * and it shall be the duty of the court to appoint a suitable and competent person guardian ad litem for such infant, to appear for and defend such suit on his behalf, * * *." [1]

The record reveals that service of process was pursuant to Rule 4(c) (1) [2] of the District of Columbia Court of General Sessions, and hence, if appellant's infancy were established the service would have been improper,[3] and the judgment void.[4]

In Gray v. Droze [5] we held that the trial court has a mandatory duty under the Code provision to appoint a guardian ad litem for every infant who is sued. We said that whenever the defense of infancy is advanced, the trial judge should make inquiry as to the actual age of the defendant. Appellant's affidavit compelled such an inquiry in this case.

For the foregoing reasons, the judgment must be

Reversed and remanded for proceedings consistent with this opinion.

James W. Cobb, Washington, D. C., for appellant.

Paschal R. La Padula, Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge.

In this case appellee sued for the balance due on a note and obtained

1. See also Rule 39(A) (e) of the District of Columbia Court of General Sessions.

2. A copy of the complaint and summons were left with a person of suitable age at appellant's usual place of abode.

3. See Rule 4(c) (2) and text accompanying n. 1, supra.

4. Appellee's argument that relief from a judgment under Rule 60(b) (4) is discretionary is without merit.

5. D.C.Mun.App., 55 A.2d 340 (1947).