Carolyn **DANIELS**, Petitioner,

v.

Winifred G. **THOMPSON**, Director, District
of Columbia Department of Public
Welfare, Respondent.

No. 5195.

District of Columbia Court of Appeals.

Argued May 19, 1970.

Decided Oct. 8, 1970.

Bruce J. Terris, Washington, D. C., for
petitioner.

Richard W. Barton, Asst. Corp. Counsel,
with whom Charles T. Duncan, Corp. Coun-
sel, Hubert B. Pair, Principal Asst. Corp.
Counsel, and Ted D. Kuemmerling, Asst.
Corp. Counsel, were on the brief, for
respondent.

Before HOOD, Chief Judge, and FICK-
LING and NEBEKER, Associate Judges.

HOOD, Chief Judge:

Petitioner is a 17-year-old mother who is currently receiving public assistance under Aid to Families with Dependent Children (AFDC). She is a full-time student in high school and is also employed in a "stay-in-school" program. The "home" in this case comprises only the petitioner and her son.

After originally being denied any AFDC benefits, petitioner was afforded a hearing on the merits of her claim. Respondent, the Director of the District of Columbia Department of Public Welfare, issued an order retroactively applying the AFDC program to petitioner. In determining the amount of benefits to be paid petitioner, a certain portion of her income was counted as a resource available to the family unit to meet current needs.[1] Petitioner claims that it was error not to disregard all of her income in determining the amount of benefits to which she and her son are entitled.

Our review of respondent's order is based on D.C.Code 1967, § 1–1510 (Supp. III, 1970), a section of the District of Columbia Administrative Procedure Act. We are presented solely with a question of law; *i. e.,* an interpretation of relevant

statutory and regulatory provisions and the application of such to this review.

The District of Columbia AFDC program, D.C.Code 1967, § 3–202 *et seq.,* is authorized by the Social Security Act of 1935, as amended, 42 U.S.C. § 601 *et seq.* (Supp. IV, 1968). The District, through its Welfare Department, participates in this "scheme of cooperative federalism." King v. Smith, 392 U.S. 309, 316, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). The Welfare Department has promulgated a "Handbook of Public Assistance Policies and Procedures" (HPA–2) to administer the program.

Our review in the present case concerns the interpretation of one section in HPA–2.[2] Petitioner urges that, by any reading of RS 3.2 III A (1), she is entitled to a total disregard of her earned income. The problem with petitioner's argument is that she reads this one provision in a total vacuum. We cannot accept this approach. Any valid interpretation of this provision must be made in light of both the underlying Social Security Act and other regulations in HPA–2.

The income disregard regulation in question is clearly founded on 42 U.S.C. § 602 (a).[3] Under this section, petitioner is al-

---

1. The first $30 of petitioner's income and one-third of the remainder were disregarded, and the amount left was counted as an available resource.

2. RS 3.2 III provides in pertinent part:
   A. Recipients
   In determining the need of families who are receiving AFDC:
   1. Disregard all of the monthly earned income of a child who is a full-time student, or is a part-time student provided he is not employed full time.
   \* \* \* \* \*
   4. Disregard the first $30 and one-third of the remainder of the total gross monthly income earned by the family, then subtract the amount of mandatory deductions. The remainder is net income to be considered a resource in determining need of the assistance unit. Total earned family income means income earned by the parent or relative whose requirements are included in the

assistance payment and of children receiving AFDC not included in items 1 and 2 [under the age of 14 years] above. This formula for disregarding earned income is also applied to the earned income of children under the age of 21 who are living in the home and not included in the assistance payment.
   \* \* \*
   No challenge has been made to the validity of the promulgation of the regulation in question. See Robinson v. Washington, 302 F.Supp. 842 (D.D.C.1968).

3. The statute reads in pertinent part:
   (a) A State plan for aid and services to needy families with children must \* \* \* (7) except as may be otherwise provided in clause (8), provide that the State agency shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual

lowed a $30 and one-third disregard (which she is currently receiving) and not a total exclusion of her income. This conclusion is further compelled when the definition of the term "dependent child" in the Social Security Act[4] is read into the income disregard section.

Petitioner argues, however, that the "plain language" of the District of Columbia regulation cannot be altered to fit the language in the Social Security Act; that the term "child"[5] cannot be interpreted to mean "dependent child". Petitioner's argument is twofold: (1) that the Social Security Act and the Supreme Court's interpretation of that Act clearly show that the District has the right and responsibility to set the "standard of need" and the "level of benefits" applicable to its welfare recipients, and that the amount of income disregarded is a part of that function; and (2) that, even if the Department of Welfare regulation is substantially different from the Federal Act, it complies with the overall purpose of the Social Security Act.

■■■ As to the first argument, there is no doubt that in establishing the "standard of need" and determining the "level of benefits" to be paid, "Congress has always left to the States a great deal of discretion." Rosado v. Wyman, 397 U.S. 397, 408, 90 S.Ct. 1207, 1216, 25 L.Ed.2d 442 (1970).[6] It is equally as obvious that the States' or District's discretion in this regard is limited to fixing an *amount* needed by variously composed recipient units and to determining how much the State or District of Columbia is able to pay. See Rosado v. Wyman, *supra;* Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); see also King v.

---

(living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid, as well as any expenses reasonably attributable to the earning of any such income; (8) provide that, in making the determination under clause (7), the State agency—

(A) shall with respect to any month disregard—

(i) all of the earned income of each *dependent child* receiving aid to families with dependent children who is (as determined by the State in accordance with standards prescribed by the Secretary) a full-time student or part-time student who is not a full-time employee attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment, and

(ii) in the case of earned income of a dependent child not included under clause (i), *a relative receiving such aid,* and any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $30 of the total of such earned income for such month plus one-third of the remainder of such income for such month. * * * (Emphasis supplied.)

4. 42 U.S.C. § 606(a) provides:
   The term "dependent child" means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, *and who is living with* his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew, or niece, *in a place of residence maintained by one or more of such relatives as his or their own home,* and (2) who is (A) under the age of eighteen, or (B) under the age of twenty-one and (as determined by the State in accordance with standards prescribed by the Secretary) a student regularly attending a school, college, or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment. * * * (Emphasis supplied.)

5. Under District of Columbia law, except as defined by statute, a child is anyone under 21 years of age. *See, e. g.,* Koonin v. Hornsby, D.C.Mun.App., 140 A.2d 309 (1958).

6. *Citing* King v. Smith, 392 U.S. 309, 318, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

Smith, *supra.*[7] Thus, at least in its role of determining standard of need and level of benefits, a determination of what income is to be regarded and what disregarded as a resource available to the recipient unit is not within the District's discretion.

Petitioner urges, nevertheless, that the District can and has in fact broadened the language in 42 U.S.C. § 606(a),[8] and that such action complies with the overall spirit of the AFDC program. In the initial section of the Act dealing with this program, 42 U.S.C. § 601, two of the ultimate goals are set forth as: "to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection".[9]

■ We cannot dispute petitioner's assertion that her actions, both staying in school and working part time, are the optimum course she can take to most expeditiously remove herself and her son from the welfare rolls. And, Congress has provided petitioner with some incentive to take such a course.[10] But, Congress and not the District of Columbia has determined the precise method by which this incentive operates. The method employed allows a total income disregard to certain *dependent* children, while a partial disregard is allowed to others in the recipient unit. "Consequently, to the extent that Congress has dictated the terms and conditions of AFDC payments, the [District is] required to administer the program accordingly." Williford v. Laupheimer, 311 F.Supp. 720, 722 (E.D.Pa.1969) (citations omitted).[11]

■ The petitioner is a full-time student and, under District of Columbia law, she is a child. However, under the structure of the AFDC program she is a parent or "welfare mother", especially when viewed within the context of this welfare recipient unit (petitioner and her dependent son); and, she certainly is not a "dependent child", by definition.[12] The distinction to be made in determining income disregard in the present case is between that incentive afforded a parent and that afforded a dependent child; not between that afforded a parent and all children.[13] Thus, petitioner comes within the provisions of 42 U.S.C. § 602(a) (8) (A) (ii) and HPA–2, RS 3.2 III A (4), entitling her to a $30 and one-third disregard, and not within the provisions of 42 U.S.C. § 602(a) (8) (A) (i) and HPA–2, RS 3.2 III A (1), entitling her to a total disregard.[14]

We are not faced, in the present review, with a regulation or interpretation which is even claimed to be contrary to the Social Security Act,[15] nor are we faced

---

7. For the standard of need and level of benefits in the District of Columbia see HPA–2, RQ 1.0 *et seq.* (requirements); PT 1.0 *et seq.* (payments).

8. *See* n. 3 *supra.*

9. *See also* HPA–2, PA 1.0 I(2), which is to the same effect.

10. 42 U.S.C. § 602(a) (8). *See also* S.Rep.No.744, 90th Cong., 1st Sess. (1967) contained in 1967 U.S.Code Cong. & Admin.News, pp. 2834, 2861, 2994–96.

11. "As Mr. Justice Cardozo stated, speaking for the Court in Helvering v. Davis, 301 U.S. 619, 645, 57 S.Ct. 904, 81 L.Ed. 1307 (1937): 'When [federal] money is spent to promote the general welfare,

the concept of welfare or the opposite is shaped by Congress, not the states.'" Rosado v. Wyman, 397 U.S. 397, 423, 90 S.Ct. 1207, 1223, 25 L.Ed.2d 442 (1970) (citation omitted).

12. *See* n. 4 *supra.*

13. This result is compelled not only by the Social Security Act, but by a total reading of the District's welfare regulations. *See, e. g.,* and *compare* HPA–2, RS 3.2 III A(4) *with* EL 8.1 I.

14. *See* notes 1 & 2 *supra.*

15. *E. g.,* Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970); Rosado v. Wyman, *supra* n. 11; King v. Smith, *supra* n. 6.

with any claim of constitutional deprivation.[16] What we are faced with is an interpretation of a regulation by the Welfare Department which complies with the precise terms and structure of the underlying Federal Statute.

There is no error, and the order of the Director of the District of Columbia Department of Public Welfare is

Affirmed.

16. *E. g.*, Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).