**Jean HOWARD, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE,
Respondent.**

**No. 5372.**

District of Columbia Court of Appeals.

Argued Sept. 22, 1970.

Decided Jan. 22, 1971.

---

Joel J. Rabin, Washington, D. C., for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Hubert B. Pair, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KERN, Associate Judge:

Petitioner appeals from a decision by respondent to reduce the public assistance grant she has heretofore been receiving. After an appeal hearing provided by the Department of Public Welfare (Department),[1] its hearing officer rendered a decision upholding such reduction upon the following facts.

Every month since August 1961, petitioner has received an Aid to Families with Dependent Children (AFDC) payment[2] for four of her five children and herself. Her fifth child, a son, was born in February 1966 and since that time his father has paid her $30 every other week for his support pursuant to written agreement. The father, who does not make his home with petitioner, visits his son regularly and has maintained a continuing interest in his rearing as evidenced, among other things, by the purchase of insurance to provide for his future education. The father intends that his support payments be used only for his child and not for petitioner's other children and the payments were so used by petitioner.[3] At no time has either

---

1. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Wheeler v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970). *See also* Department of Welfare Handbook of Public Assistance Policies and Procedures (HPA–2), BR. 1.1–I.

2. D.C.Code 1967, § 3–202(a) (4). We had occasion recently to review in some detail this particular public assistance program. *See* Daniels v. Thompson, D.C.App., 269 A.2d 437 (1970).

3. The hearing officer quoted in that part of his decision denominated Finding of Fact the following testimony by petitioner:
   Q. "Are you receiving support payments for the child, Mrs. Howard?
   A. "Yes, I am.
   Q. "What is the amount of those support payments?
   A. "He gives me thirty dollars every two weeks.
   Q. "By he you are referring to Mr. James Norris?

petitioner or the father sought public assistance for their child and neither parent now desires to have the boy on welfare.

The hearing officer `in his decision, which was adopted *in toto* by the Department, concluded that petitioner's youngest child was a needy dependent child and therefore must be included henceforth in the computation of the monthly AFDC welfare grant to petitioner. He further concluded that the Department could then treat the child's support payment from his father as income available to petitioner and her entire family and accordingly reduce her monthly AFDC payment by about the amount of such support payment.[4]

The hearing officer in reaching his conclusion that petitioner's youngest child was needy relied upon the Department's Regulation HPA RQ I C which provides,

[w]hen a minor child, living with a relative, and other children, has income paid in his behalf, *he shall continue to receive Aid to Families with Dependent Children* as a needy dependent child unless his income is such that he would not have been eligible had the relative applied for assistance for him alone. (Emphasis added.)

The hearing officer noted that if petitioner had applied for assistance for the youngest child she would have been entitled to approximately $145 each month, whereas the monthly income paid in behalf of the child by his father was only $65.

▮▮▮ Respondent's reliance upon that Regulation as decisive of this case is misplaced. The Regulation promulgated by the Department goes beyond what the District of Columbia Council, which has ultimate responsibility for administering public welfare programs in the District of Columbia,[5] approved on August 8, 1969, in the form of Order of the Commissioner No. 69–427. That enabling Order limits the reach of the Regulation to families "receiving *more than one* assistance payment"[6] (emphasis added), and petitioner's family receives only one such public assistance payment. Even assuming the validity of the Regulation,[7] it applies by its terms to only those "receiv[ing] Aid to Families with Dependent Children" and petitioner's youngest child is not receiving such aid. We recognize that a State has considerable latitude in determining who among its citizens needs public welfare grants.[8] However, we find no authority

A. "Yes.
Q. "What do you do with that money, Mrs. Howard?
A. "He is in nursery school and I use it for that and for his clothes and the things he needs."

4. The Department's present AFDC grant to petitioner for four children and herself is $275.40. By adding James Jr. to this family unit, the grant would increase to $311.50, but the Department would then reduce that amount by $60 of the $65 per month contributed by James Jr.'s father. The *net result* will be a *reduction* of $24.90 in petitioner's present AFDC payment.

5. D.C.Code 1967, § 3–202(b) (2), (Supp. III, 1970).

6. The Order, *inter alia*, states,
[w]hen a family is receiving more than one assistance payment and members of a family have income, the Department of Public Welfare shall apply income that must be considered in determining need as follows:
\*     \*     \*     \*     \*
(d) When a minor child, living with a relative and other children, has income paid in his behalf, he shall continue to receive Aid to Families with Dependent Children as a needy dependent child unless his income is such that he would not have been eligible had the relative applied for assistance for him alone.

7. *But see* Robinson v. Washington, 302 F. Supp. 842 (D.D.C.1968).

8. The legislative history of the Social Security Act of 1935, as amended, 42 U.S.C. § 601 et seq. (Supp. IV, 1968), makes clear that the States are to have broad latitude in determining who is "needy" for purposes of AFDC grants. *See* King v. Smith, 392 U.S. 309, 318 n. 14, 88 S.Ct. 2128, 20 L.Ed.2d 1118.

that requires the taxpayers of the District of Columbia to assume the burden of supporting a child whose parents have not applied for and do not desire public assistance [9] in the absence of a specific and satisfactory showing in the record that the child is in want of the necessities of life and needs a welfare grant.

We further recognize that the Department may take into account income accru-

ing to welfare recipients and reduce their welfare grants accordingly.[10] In the instant case, however, there was no finding that any of the father's bi-weekly payments for *his* child constituted income to petitioner and the other four children in her household.

The Department's order on review herein is

Reversed.

9. *See* D.C.Code 1967, §§ 3–203–3–207 which indicate that eligibility for assistance is determined after the filing of an "application."

10. King v. Smith, 392 U.S. 309, 319 n. 16, 88 S.Ct. 2128, 20 L.Ed.2d 1118, 42 U.S.C. § 602(a)(7) (1964 ed.); HPA–2, R.S. 6.4 (I) (B) (1).