## ROGERS v. ROGERS.

### No. 8203.

United States Court of Appeals for the
District of Columbia.

Argued June 15, 1942.

Decided Oct. 12, 1942.

Mr. James O. Wrightson, Jr., with whom Mr. J. Howard Cooper, both of Washington, D. C., was on the brief, for appellant.

No appearance was entered for, nor brief filed on behalf of, appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an uncontested appeal from a judgment dismissing, for lack of jurisdiction, a wife's suit for limited divorce. The complaint alleges that plaintiff has been a resident of the District for more than two years last past; that defendant is a resident of the District; that both have continuously resided in the District since their marriage on October 28, 1939; that defendant committed acts of cruelty in the District; and that the parties separated on January 13, 1941. Defendant's answer admits all these allegations except cruelty. After hearing the parties the District Court found "that the plaintiff was not a resident of the District of Columbia at the time of filing suit; and that the defendant was not a legal resident of the District of Columbia during the time the parties lived together in the District of Columbia."

The District Code forbids divorce "in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor * * *."[1] Residence, in this connection, means domicile.[2] The suit was commenced in March 1941. The question, therefore, is plaintiff's domicile in the twelve next preceding months.

The undisputed evidence shows that the parties were married in the District of Columbia in October, 1939. The license application stated that both resided there. They lived together there from the time of their marriage until they separated in January, 1941. Afterwards they lived there separately, the plaintiff with her father. It was conceded that the plaintiff's domicile was, during the marriage, the same as the defendant's; and there was no evidence that she acquired, after the separation, a new domicile outside the District. The case, therefore, turns upon the question

---

[1] D.C.Code (1940) § 16—401.

[2] Downs v. Downs, 23 App.D.C. 381, 388.

whether defendant, the husband, was domiciled in the District during the ten months between March, 1940, and January, 1941.

Defendant has lived in the District continuously since 1935. He had previously lived in Kentucky. He is a mechanic and has worked for several private firms. His parents are dead. He has no family home in Kentucky. He has a married brother living there, and has made several visits to Kentucky since he came to the District. He last voted in Kentucky in 1930, and has paid no taxes there since he moved to the District. In March, 1941, a District income tax return for 1940 was prepared for him by the plaintiff in accordance with an understanding between them, but it does not appear whether it was filed. Defendant has two brothers living in the District. In December 1941 he applied for a civil service appointment for work at Pearl Harbor, T. H. He then swore that his legal residence was the District of Columbia. At the trial, he testified that he intended to remain here so long as he could work and make a living. Though he said he considered Kentucky his home, he explained that this was because he felt that if he should become sick or should be in trouble, that was the one place to which he could go. He expressed the opinion that Kentucky, and not the District of Columbia, was his "legal residence."

The Supreme Court has recently held that "persons are domiciled here who live here and have no fixed and definite intent to return and make their homes where they were formerly domiciled."[3] It is undisputed that the defendant lived in the District of Columbia. There is no evidence that he had a fixed and definite intent to return to Kentucky and make his home there.[4] In fact, by testifying that he meant to remain here so long as he could work and make a living, he negatived a definite intent to return to Kentucky and asserted an intent to live in the District permanently or indefinitely. We think the District Court erred in holding that plaintiff was not a bona fide resident of the District for the year preceding the filing of the suit.

Reversed.

---

[3] District of Columbia v. Murphy, 314 U.S. 441, 454, 62 S.Ct. 303, 309, 86 L. Ed. 329.

[4] Beedy v. District of Columbia, 75 U. S.App.D.C. 289, 126 F.2d 647, turned upon the existence of an intent to return to the former home.