Donald Elmer JONES, Appellant,

v.

Shelda June JONES, Appellee.

No. 2059.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 23, 1957.

Decided Dec. 5, 1957.

James T. McNelis, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant husband sued his wife for an absolute divorce on the ground of desertion for two years. The court dismissed his complaint for lack of jurisdiction; he appeals.

The complaint, filed on June 3, 1957, alleged that the husband had been a bona fide resident of the District for more than two years prior to the commencement of the suit. His testimony tended to prove that the parties were married on November 19, 1954, in South Carolina and established their home in Roanoke, Virginia; and that after living there together for six days they quarreled and separated. A pattern of frequent reconciliations and separations followed until January 5, 1955, when the wife deserted him while the parties were living in Roanoke. Since that time appellant has not seen her. In May 1955 he moved to the District, where he has resided and has been employed continuously to the time of this action.

At the conclusion of appellant's testimony the court asked, "Have you the intention of making Washington your permanent home?" His answer was, "No, sir, I will return to Roanoke. I am getting a transfer with my company back to Roanoke in September or October." The court then remarked, "There goes your case. You just took the jurisdiction out of this court, Mr. Jones. You must be a bona fide resident of the District of Columbia, which means that you will have to be domiciled here, having a fixed intent to remain here permanently. You have no such intention, according to your latest testimony. The case will be dismissed for lack of bona fide residence of the plaintiff."

Code 1951, § 16–401, provides:

"No decree of nullity of marriage or divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia *for at least one year next before the application therefor,* and no divorce shall be decreed in favor of any person who has not been a bona fide resident of said District *for at least two years next before the application therefor* for any cause which shall have occurred out of said District and prior to residence therein." (Emphasis supplied.)

Inasmuch as the alleged desertion occurred in Virginia, appellant was required to be a bona fide resident of the District for at least two years before the complaint was filed. For purposes of this statute, residence means domicile.[1] In Stephenson v. Stephenson, D.C.Mun.App., 134 A.2d 105, this court set out the requisites for establishing a new domicile as being (1) physical presence and (2) an intent to abandon the former domicile and remain here for an indefinite period of time. A new domicile comes into being when the two elements coexist.

In concluding that it lacked jurisdiction in this case, the trial court followed one of two theories: The judge either ruled that appellant had acquired domicile in the District and then had abandoned it by reacquiring domicile in Virginia because of his intention to return there, or that appellant had never acquired domicile in the District because he did not intend to remain here permanently.

If the first theory were the basis for the court's ruling, it was incorrect, for at the time of the hearing appellant was still living in the District. Intent alone to establish a new place of abode without physical presence there is neither sufficient to abandon a former domicile nor to estab-

I.  Rogers v. Rogers, 76 U.S.App.D.C. 297, 130 F.2d 905.

Lish a new one. There must be a concurrence of the two requisites before a new ·domicile· comes into being.[2] If, then, the trial court held that appellant had lost his domicile in the District by his intent to leave, the incongruous result must follow that appellant was without a domicile at the· time of the hearing. In Desmare v. United States, 93 U.S. 605, 610, 23 L.Ed. 959, the Supreme Court said, "A domicil once existing continues until another is acquired. A person cannot be without a legal domicil somewhere."

■ The alternative theory, if applied, was equally subject to error. In defining the *animus manendi* necessary to establish domicile, the trial court held that appellant must have had a "fixed intent to remain here permanently." This reflects the English doctrine of permanence which has long been held inapplicable in this country.[3] The American test of intent is generally spelled out in terms indicating something less than permanent habitation, i.e., an intent to remain for an indefinite future time[4] or, as sometimes stated in the negative, the absence of any intention to go elsewhere.[5] As stated by Justice Jackson in District of Columbia v. Murphy, 314 U.S. 441, 455, 62 S.Ct. 303, 309, 86 L.Ed. 329, a person may be domiciled in the District without " * * * an affirmative intent to remain here the rest of [his] days

* * *." The court erred in applying the more stringent standard.

■■ But, more important, the court's inquiry was directed *solely* to appellant's intent *at the time of the hearing.* In Gallagher v. Philadelphia Transp. Co., 3 Cir., 185 F.2d 543, 546, the court pointed out:

"* * * [I]t is the intention at the time of arrival which is important. The fact that the plaintiff may later have acquired doubts about remaining in [his] new home or may have been called upon to leave it is not relevant, so long as the subsequent doubt or the circumstance of the leaving does not indicate that the intention to make the place the plaintiff's home never existed. * * *"[6]

Appellant's answer to the court's inquiry recognized at most a probable or possible transfer by his company in the near future. It was in no way reflective, either in a positive or negative sense, of his state of mind upon arrival or sometime thereafter as to whether he intended to make this his home.

We rule that the court erred in (1) requiring permanency of intent and (2) holding that the intent at the time of the hearing governed.

We have no way of knowing how the question of domicile would have been de-

2. "For a domicile once acquired is presumed to continue until it is shown to have been changed, and to show the change two things are indispensable,— 'First, residence in the new locality; and, second, the intention to remain there. The change cannot be made except facto et animo. Both are alike necessary. Either without the other is insufficient.'" Shilkret v. Helvering, 78 U.S.App.D.C. 178, 180, 138 F.2d 925, 927, quoting from Mitchell v. United States, 21 Wall. 350, 352, 88 U.S. 350, 22 L.Ed. 584.

3. See cases collected in 1 Beale, The Conflict of Laws § 19.1 (1935); Goodrich, Handbook of the Conflict of Laws § 28 (3d ed. 1949).

4. Sweeney v. District of Columbia, 72 App. D.C. 30, 113 F.2d 25, 129 A.L.R. 1370, certiorari denied 310 U.S. 631, 60 S.Ct. 1082, 84 L.Ed. 1402; Stephenson v. Stephenson, supra; 2 Nelson, Divorce and Annulment, § 21.15 (2d ed. 1945).

5. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279; Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360; Williamson v. Ostenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758.

6. See also Hardin v. McAvoy, 5 Cir., 216 F.2d 399; Shoaf v. Fitzpatrick, 6 Cir., 104 F.2d 290, certiorari denied 308 U.S. 620, 60 S.Ct. 295, 84 L.Ed. 518; Stockyards National Bank v. Bragg, 8 Cir., 293 F. 879.

cided had the court applied the proper test. We therefore remand the case for a retrial of the jurisdictional issue and the merits as well, if the court is satisfied that the husband was domiciled in the District for the required statutory period.

Remanded for proceedings not inconsistent with this opinion.