Elizabeth Ann ADAMS, Appellant,

v.

John M. ADAMS, Jr., Appellee.

No. 2065.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 14, 1957.

Decided Dec. 16, 1957.

John Alexander, Washington, D. C., for appellant.

Jacob Sheeskin, Washington, D. C., with whom Seymour Berry, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and Hood and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant sued for a divorce on the ground of desertion. At the conclusion of

her evidence the trial court found as a fact that appellant was not a bona fide resident of the District of Columbia for a period of one year preceding the filing of her complaint,[1] and dismissed the case. She appeals.

█ It is first claimed that it was error to make a finding of fact at the conclusion of appellant's case. It is argued that no finding of fact should have been made until appellee had also rested. We have ruled that the Domestic Relations Branch, in a proper case, may make findings of fact at the close of plaintiff's case.[2] This was a proper case for a finding on the question of appellant's residence.

██ It is next argued that the finding was erroneous in that it totally disregarded appellant's testimony and had no substantial support in the evidence. This requires a review of the evidence relating to appellant's residence, which under our divorce statute means domicile. The parties were married in the District of Columbia where appellant was then living. Appellee was in the armed services and left the District a few days after the marriage. Appellant continued to live in the District for a little over a year after the marriage. She then moved to Arlington, Virginia, where she lived for nearly two years prior to bringing this action. At the time of filing suit and at time of trial she was still living in Virginia.

Appellant testified that she moved to Virginia because of the high apartment rent in the District and because she was able to find an apartment at a reasonable rent in Virginia near the home of her sister. She also testified that, although she has been living in Virginia, her employment has always been in the District, where she attends church and has many friends; that she keeps her bank account in the District and maintains charge accounts with various District stores; and that she regards the District as her home and expects to return to the District and make it her permanent home. She pays neither District of Columbia income tax nor Virginia poll tax and owns no property in either place.

Appellant admitted that shortly after moving to Virginia she wrote a letter to her husband, making reference to a divorce and stating: "This is one of the reasons I've moved back into Virginia. I must establish my residence here before I can take action."

█ Appellant argues that she could sojourn in Virginia without losing her domicile here, and of course that is true, because "mere absence from a fixed home, however long continued, cannot of itself work the change. There must be the animus to exchange the prior domicile for another. Until the new one is acquired, the old one remains."[3] However, appellant did abandon her abode here and did establish a new one in Virginia. If at any time during her stay there she formed the intention of remaining there indefinitely, she acquired a domicile there.[4] A mere "floating intention" to return to the District at some future time would not prevent the acquisition of a new domicile.[5]

█ "A domiciliary determination involves a compound consideration of fact and law,"[6] and the question of fact is often a difficult one because the two essential elements of domicile are "residence in fact, coupled with the purpose to make the

1. Code 1951, § 16–401.

2. Nadell v. Nadell, D.C.Mun.App., 131 A. 921.

3. Butler v. District of Columbia, 80 U.S. App.D.C. 310, 312–313, 153 F.2d 617, 619–620.

4. Goodloe v. Hawk, 72 App.D.C. 287, 113 F.2d 753.

5. Rosenberg v. Commissioner of Internal Revenue, 59 App.D.C. 178, 37 F.2d 808.

6. Pace v. District of Columbia, 77 U.S. App.D.C. 332, 336, 135 F.2d 249, 253, affirmed 320 U.S. 698, 64 S.Ct. 406, 88 L.Ed. 408.

place of residence one's home," [7] and a person's purpose or intention is not always clearly ascertainable. "One's testimony with regard to his intention is of course to be given full and fair consideration, but is subject to the infirmity of any self-serving declaration and may frequently lack persuasiveness or even be contradicted or negatived by other declarations and inconsistent acts." [8]

Viewing the evidence as a whole, we are not persuaded that the trial court was in error in finding a lack of the required residence.

Affirmed.

---

7. Texas v. Florida, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817. See also Jones v. Jones, D.C.Mun.App., 136 A.2d 580.

8. District of Columbia v. Murphy, 314 U.S. 441, 456, 62 S.Ct. 303, 310, 86 L.Ed. 329.