**Jack Anthony GULLO, Appellant,**

**v.**

**Miriam Anne GULLO, a/k/a Miriam Anne Hirst, Appellee.**

No. 3215.

District of Columbia Court of Appeals.

Argued May 13, 1963.

·Decided June 19, 1963.

for the vendor agreed at trial that appellant had not purchased this item.

Carl P. Fogel, Washington, D. C., with whom Samuel H. Suls and Martin Fogel, Washington, D. C., were on the brief, for appellant.

Bruce E. Lambert, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by the husband for annulment of the marriage. Summary judgment was granted in favor of the wife and the husband has appealed.

After a careful review of the record, we find that it is unnecessary to decide the many assignments of error. The record before this court and the trial court shows that the husband's complaint suffered from a fatal flaw, namely, lack of jurisdiction.

The complaint was filed July 13, 1962, and the transcript reveals that the husband, at the earliest, became a resident of the District of Columbia in April 1962. Prior to that time he was a domiciliary of the State of Virginia. Our Code Section 16–401 provides:

> "No decree of nullity of marriage or divorce shall be rendered in favor of anyone who has not been a bona fide resident of the District of Columbia for at least one year next before the application therefor * * *."

For purposes of this section residence means domicile. Rogers v. Rogers, 76 U.S. App.D.C. 297, 130 F.2d 905 (1942).

Since the husband did not fulfill the jurisdictional requirements necessary to maintain the complaint, the order granting summary judgment will be reversed with instructions to dismiss the action.

It is so ordered.