**Jack Anthony GULLO, Appellant,**

**v.**

**Miriam Anne HIRST, Appellee.**

No. 3640.

District of Columbia Court of Appeals.

Argued Feb. 8, 1965.

Decided March 11, 1965.

Rehearing Denied March 29, 1965.

Joe S. Gullo, Arlington, Va., for appellant.

Bruce E. Lambert, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

The parties to this appeal were married in 1951 in the District of Columbia, and will be hereafter referred to as husband and wife.[1] In November 1960 the wife filed suit against the husband in the Circuit Court of Fairfax County, Virginia, alleging that the parties "were lawfully married" and seeking an absolute divorce. To this complaint the husband filed an answer which denied the allegation that the parties were lawfully married, and he also filed a "plea for annulment of marriage," alleging that at the time of their marriage the wife was then lawfully married to one Brown. This allegation was based on the claim that a divorce obtained by the wife from

1. After the Virginia divorce hereafter referred to, the wife remarried.

Brown in New Mexico was void for lack of jurisdiction.

Portions of the transcript of the Virginia proceedings, included in the record, show that the circumstances of the New Mexico divorce were thoroughly inquired into by the Virginia court. At the conclusion of the trial the Virginia court on April 28, 1961, entered a final decree dismissing the husband's plea for annulment of marriage and granting the wife a divorce. The divorce was granted upon a specific finding that the parties were lawfully married in the District of Columbia.

The husband then petitioned the Supreme Court of Appeals of Virginia for an appeal. When his petition was denied on October 10, 1961, he unsuccessfully sought a writ of certiorari from the Supreme Court of the United States.[2]

He then brought an action for annulment of marriage in the District of Columbia. Summary judgment went against him on the ground that the Virginia judgment was res judicata. He appealed to this court and we reversed on the ground that the trial court lacked jurisdiction because of the husband's lack of residence for the jurisdictional period.[3]

The husband's next move was to institute a suit in the United States District Court for the Eastern District of Virginia for declaratory relief, specifically asking the court to declare his marital status. In its memorandum opinion dismissing the action, the District Court on September 11, 1963, ruled that the issues sought to be raised had been raised and decided in the prior proceedings in the Fairfax County Court. The husband appealed and the United States Court of Appeals for the Fourth Circuit affirmed, holding that the matter sought to be litigated in the District Court was res judicata.[4]

While the litigation in the Virginia federal court was pending, the husband brought the action which is now before us. His complaint for annulment of marriage raised the same issues concerning the validity of the New Mexico divorce which had been raised and litigated in the Fairfax County Court and which he had attempted to relitigate in the federal court. Despite the rulings of the District Court and the Circuit Court of Appeals that the matter was res judicata, the husband brought the present action to trial in September 1964. The trial court, after hearing, dismissed the complaint on the ground that the judgment of the Circuit Court of Fairfax County was res judicata as to all issues here raised. The husband then brought this appeal.

The mere recitation of the foregoing facts shows that the trial court's action was correct. No citation of authority is needed for the proposition that an issue once finally litigated by the parties in a court of competent jurisdiction cannot be relitigated by the parties in that court or in any other court. Otherwise there would be no end to litigation.

When the parties were before the Fourth Circuit Court of Appeals, that court said:

"The background of this case raises serious questions of abuse of process. While we must be careful to assure that the courts are always open to complaining parties, we have an equal obligation to see that its processes are not abused by harassing, or by recklessly invoking court action in frivolous causes or by foot dragging and delaying in order to deny or postpone the enjoyment of unquestioned rights. Lawyers have an obligation as officers of the court not to indulge in any of these

2. Gullo v. Gullo, 368 U.S. 988, 82 S.Ct. 604, 7 L.Ed.2d 526, rehearing denied 369 U.S. 832, 82 S.Ct. 844, 7 L.Ed.2d 797 (1962).

3. Gullo v. Gullo, D.C.App., 192 A.2d 126 (1963).

4. Gullo v. Hirst, 332 F.2d 178 (4th Cir. 1964).

practices." Gullo v. Hirst, 332 F.2d 178, 179 (4th Cir. 1964).

The foregoing language applies even more strongly to the case before us.

■ The wife has moved in this court for an allowance of counsel fees for services both here and in the trial court.[5] Or-dinarily we would leave the question of counsel fees for services in the trial court to that court for determination, but in order to bring an end to vexatious litigation, we order that appellant pay to appellee for legal services here and in the trial court the sum of $1,000.

Affirmed with order for counsel fees.

---

5. See D.C.Code 1961, § 16–911 (Supp. IV, 1965); Tendler v. Tendler, 56 App.D.C. 296, 12 F.2d 831 (1926).