Jack A. GULLO, Appellant,

v.

Miriam A. HIRST and Bruce E. Lambert,
Appellees.

No. 6210.

District of Columbia Court of Appeals.

Argued March 20, 1972.

Decided June 7, 1972.

Rehearing and Rehearing En Banc
Denied July 5, 1972.

Joseph S. Gullo, Arlington, Va., for appellant.

Bruce E. Lambert, Arlington, Va., for appellee Hirst and pro se.

Before HOOD, Chief Judge, and KERN and YEAGLEY, Associate Judges.

PER CURIAM:

This appeal, according to appellant's brief, is from an order denying his motion to vacate a previous order which dismissed his amended complaint. The amended complaint, according to the brief, sought (1) to have declared null and void the marriage of appellant and appellee Hirst, (2) to have determined the status of a child born of that marriage, and (3) to have declared the "legal and property rights" acquired by said appellee from the alleged void marriage.[1]

Accepting appellant's statement of the relief he sought, it is plain he seeks to have declared void his marriage with appellee and to accomplish this he seeks to have appellee's divorce in New Mexico, which occurred prior to her marriage to

---

1. We accept appellant's statement of the relief he sought, because of the difficulty in ascertaining from the voluminous pleadings the precise nature of appellant's action and the relief sought. Appellee

Lambert is the attorney for appellee Hirst. It is not clear why he was made a party to the action. We shall hereafter refer to appellee Hirst as the appellee.

appellant, declared void with the result that she was incapable of entering into a valid marriage with appellant.

It is evident that appellant in this action is seeking to relitigate an issue which more than 7 years ago we held he was barred from relitigating under the doctrine of res judicata. See Gullo v. Hirst, D.C.App., 207 A.2d 662 (1965). A similar ruling had been made a year before in Gullo v. Hirst, 332 F.2d 178 (4th Cir. 1964). An extended history of the litigation is set forth in our previous opinion.

Appellant seeks to avoid the effect of our ruling and that of the Fourth Circuit by reason of a decision of the Supreme Court of New Mexico in Gullo v. Brown, 82 N.M. 412, 483 P.2d 293 (1971). It appears that after failing in this court and in the Virginia courts (state and federal) to obtain relief, appellant, with what the Supreme Court of New Mexico characterized as a "single minded purpose and persistence that is truly remarkable",[2] filed suit in New Mexico in an attempt to have declared void the New Mexico divorce between appellee and her former husband, one Brown.[3] Summary judgment went against appellant and he appealed. The Supreme Court of New Mexico after quoting at length from the opinion of this court and making reference to the opinion of the Fourth Circuit Court of Appeals said:

> Obviously, the application of the doctrine of *res judicata* bars appellant from obtaining the relief that he seeks. . . . [Gullo v. Brown, *supra* 483 P. 2d at 296.]

The court went on to say that aside from res judicata, appellant had no standing to attack the divorce decree because he was not a party to it and had no right which was affected by it at the time of its entry.

We fail to see what comfort appellant gets from the New Mexico decision. It is true that in the concluding paragraphs of that decision there is indication the court held appellee practiced fraud in obtaining her New Mexico divorce, but the fact remains that appellant was held barred from attacking the divorce.

The trial court properly dismissed appellant's complaint.

Affirmed.

---

2. Gullo v. Brown, 82 N.M. 412, 483 P.2d 293, 295 (1971). This court and the Fourth Circuit took a less charitable view of appellant's conduct.

3. This divorce occurred in 1951.