**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NIKE C. JEGART,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-2381
(D.C. No. CIV-91-981-SC/DJS)
(D. N.M.)

**ORDER AND JUDGMENT**[**]

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of the Social Security
Administration, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's decision upholding the Commissioner's refusal to reentitle her to child disability benefits. <u>See</u> 42 U.S.C. § 402(d)(6); 20 C.F.R. § 404.351. Plaintiff began receiving child disability benefits in 1983. Pursuant to the Social Security Act, however, her benefits ceased in September 1986, upon her marriage, which occurred in Maryland. <u>See</u> 42 U.S.C. § 402(d)(1)(D); <u>see also</u> 20 C.F.R. § 404.352(b)(2). Plaintiff and her husband separated three months later and obtained a divorce in a Maryland state court in 1988.

Under § 402(d)(6), "a person who is entitled to child's insurance benefits and whose entitlement is terminated because of marriage . . . may not be reentitled to those benefits when the marriage ends by reason of divorce . . . ." Soc. Sec. R. 84-1; <u>see also</u> <u>McMahon v. Califano</u>, 605 F.2d 49, 53 (2d Cir. 1979). "A void marriage[, however,] will not preclude reentitlement[, and if] a voidable marriage is annulled by court action, . . . reentitlement to child's . . . benefits is ordinarily permitted." Soc. Sec. R. 84-1; <u>see also</u> <u>McMahon</u>, 605 F.2d at 54 n.8.

Although plaintiff could not obtain an annulment under Maryland law, during the course of these reentitlement proceedings she did obtain a New Mexico state court order annulling her marriage. The Commissioner determined,

-2-

however, that he was not bound by the New Mexico annulment because that proceeding was not contested and the annulment order was inconsistent with New Mexico law.

This court reviews the Commissioner's decision only to determine whether he applied the law correctly and whether substantial evidence supported his decision. See Bean v. Chater, 77 F.3d 1210, 1213 (10th Cir. 1995). On appeal, plaintiff argues that the district court erred in determining that the New Mexico court did not have personal jurisdiction over plaintiff's former husband; substantial evidence did not support the Commissioner's determination that the New Mexico proceeding was uncontested; and the district court erred in allowing the Commissioner to raise issues that he had previously waived. Upon consideration of the appellate record and the parties' arguments, we affirm.

Although questioning the existence of the New Mexico state court's personal jurisdiction over the former husband, the district court, in affirming the Commissioner, assumed the state court had personal jurisdiction. The lack of personal jurisdiction, therefore, was not the basis for the district court's decision and plaintiff's arguments in that regard are unavailing. So, too, is plaintiff's assertion that the Commissioner waived any argument other than those addressing the lack of personal jurisdiction.

Further, regardless of whether substantial evidence supported the Commissioner's determination that the New Mexico proceeding was uncontested, the Commissioner is not bound by an annulment decree that was inconsistent with New Mexico law. See Cairns v. Richardson, 457 F.2d 1145, 1148-50 (10th Cir. 1972) (agency not bound by state court's annulment order entered contrary to Kansas law). In concluding that the annulment was contrary to New Mexico law, the Commissioner and the district court relied upon the New Mexico Supreme Court's decision in Gullo v. Brown, 483 P.2d 293, 294-96 (N.M. 1971), that a Virginia court's denial of an annulment and entry of a divorce decree precluded a subsequent annulment action in New Mexico based upon res judicata principles. Plaintiff does not challenge this statement of New Mexico law.

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-4-