This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BOKF, N.A., a National Banking Association d/b/a BANK OF OKLAHOMA, as Successor in Interest by Merger to BANK OF OKLAHOMA, N.A.,**

Plaintiff-Appellee,

**vs.**                                              NO. 35,697

**ROY A. METZGAR, YVONNE M. METZGAR, and EQUIFIRST CORPORATION,**

Defendants,

and

**STEVEN L. GILMORE,**

Putative Intervener-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Leverick & Musselman, LLC
Richard M. Leverick
Albuquerque, NM

for Appellee

Steven L. Gilmore
Albuquerque, NM

Pro Se Putative Intervener-Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Putative Intervener-Appellant Steven L. Gilmore (Appellant) filed the instant appeal following the entry of an order denying his motion to intervene. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Appellant has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** As we previously observed, the ruling on the motion to intervene may have constituted either a discretionary exercise of the district court's inherent authority to regulate the proceedings, or a decision on the merits. Appellant's memorandum in opposition is wholly unresponsive to our proposed summary disposition with respect to these matters. Accordingly, we adhere to our initial assessment.

**{3}** In his memorandum in opposition Appellant reiterates argument advanced at the district court level pursuant to Rule 1-060(B) NMRA, by which he seeks to attack the validity of a judgment and sale previously rendered in the underlying foreclosure action. [MIO 1-13] However, as we previously observed, insofar as Appellant was not a party to that action and was denied intervention, he lacks standing to advance further argument on the merits. *See, e.g.*, *Gullo v. Brown*, 1971-NMSC-034, ¶ 8, 82 N.M.

412, 483 P.2d 293 (holding that an appellant lacked standing to attack a previously entered decree, given that he was not a party to it and had no right which was affected by it at the time of its entry). Once again, Appellant's memorandum fails to address this concern. As a result, we remain unpersuaded that the argument is properly before us.

{4}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{5}    **IT IS SO ORDERED.**


_____
                              **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**