Miriam Frances **HARMATZ**, Appellant,

v.

Joel Ansell **HARMATZ**, Appellee.

No. 82–50.

District of Columbia Court of Appeals.

Argued Nov. 17, 1982.

Decided Feb. 23, 1983.

---

**8.** See note 3, *supra.*

**9.** We deny appellees' request that the costs of this appeal be taxed against appellants. Each side shall bear its own costs.

Walter W. Johnson, Jr., Washington, D.C., for appellant.

Gary A. Stein, Washington, D.C., for appellee.

Before PRYOR and TERRY, Associate Judges, and BARNES,* Associate Judge, Superior Court of the District of Columbia.

BARNES, Associate Judge:

■ Miriam Frances Harmatz appeals from an order of the trial court denying her motion for modification and continuation of child support payments for the parties' child who had reached the age of 21, and recommending that a conservator be appointed. Finding no error, we affirm.[1]

I.

The facts are not in dispute. Pursuant to a separation agreement incorporated into a divorce decree on October 22, 1968, Mr. Harmatz paid $200 per month toward the support of his "minor child" Gary. Gary reached 21 on May 27, 1981. Gary has been brain-damaged since birth, is under constant medical supervision, attends special schools, and is unable to live independently. He has not been, and is not now, institutionalized.

A month after Gary turned 21, Mrs. Harmatz, the custodial parent, moved for continuation and increase of child support payments on the grounds of Gary's continuing disability. Mr. Harmatz has not paid child support since Gary turned 21.

At a hearing on December 7, 1981, the trial judge took testimony from both parents on their ability to pay, while reserving the legal issue of a parent's obligation to support an adult child for later decision. At the hearing it became clear that Gary had some independent income from a testamentary trust established by his grandfa-

---

* Sitting by designation pursuant to D.C.Code § 11–707(a) (1981).

1. The underlying issue in this case is whether, in the District of Columbia, a parent has the legal duty to support a disabled adult child. The parties urge us to decide this issue on the ground of judicial economy, arguing that any trial court decision will ultimately be appealed back to this Court. The only issue properly before this Court, however, is whether the trial court erred in concluding that the mother of a disabled adult lacked standing to sue for that adult's support. Because the Court below ruled solely on the procedural aspects of this case, it did not have the opportunity to develop a comprehensive factual record which would serve to concretize the legal issue of parental responsibility for post-majority support. Without an adequate factual foundation, a decision of this Court on an issue not decided by the trial court would be merely an advisory opinion. Therefore, because we affirm the trial court's order on procedural grounds, we do not reach the underlying issue.

ther. The trial court took the entire matter under advisement and ordered counsel to submit memoranda within two weeks on the issue of whether a parent has a duty to support a disabled adult child. Three days after the hearing and before any memoranda were submitted, the court issued an order finding that an action for parental support of an *adult* disabled child is personal to the child, and recommending that a conservator be appointed to protect the parties' adult son's interest. The court therefore denied the mother's Motion for Continuance and Modification of Child Support, without prejudice, on the ground that the mother was not the proper party to petition the court for support. The denial of the motion had the effect of dismissing the action. The mother appealed.

## II.

█ It is well settled that the right of a minor child to financial support from his or her parents is personal to the child. It is a direct right vested in the minor child by law, and does not derive from the mother. During the child's minority, the custodial parent often acts as the child's "next friend" for the purpose, *inter alia,* of bringing suit to enforce child support obligations. The designation "next friend" does not mean an actual guardianship, but one who, without being a regularly appointed guardian, acts for the benefit of a minor. In the District of Columbia it has been consistently held that a suit by the custodial parent as next friend is a proper proceeding to enforce the support rights of a minor child. *Simonds v. Simonds,* 81 U.S.App.D.C. 50, 154 F.2d 326 (1946); *Schneider v. Schneider,* 78 U.S.App.D.C. 383, 141 F.2d 542 (1944); *cf. Koonin v. Hornsby,* 140 A.2d 309 (D.C. Mun.App.1958) (bringing suit for annulment of a marriage by a minor in name of a next friend is proper where minor is under age of consent; however, where minor is over age of 18, suit should be brought in minor's name).

█ Once the child reaches majority, however, the procedure of suing as next friend is no longer available. Unless an adult has been formally divested of the legal capacity to sue and be sued, by being adjudicated incompetent or by having been placed under guardianship as to person and property, an adult must sue and be sued in his or her own name. Therefore we hold that when a complaint is filed requesting continued child support for an individual over the age of 21, the proper party to maintain the cause of action is the adult child or the adult's legally designated representative. A parent, merely by virtue of parental status, is not the proper party to maintain such a suit. It follows, in this case, that the trial court correctly denied the appellant's motion for continuation of child support on the ground of the mother's lack of standing.

█ The appellant also challenges the trial court's recommendation, contained in the order denying the appellant's motion, that a conservator be appointed to guard her son's estate. Based on the facts of this case: Gary Harmatz's severe and continuing disability; the existence of an independent estate of indeterminate size; and the request for continued parental support after the age of majority; we find no basis to upset the trial court's recommendation that conservatorship proceedings be initiated.

*Affirmed.*