Eric A. **FORETICH**, Vincent P. Foretich, and Doris Foretich, Plaintiffs,

v.

**GLAMOUR**, Conde Nast Publications, S.I. Newhouse, Jr., Judith Coyne, and Bob Trebilcock, Defendants.

Civ. A. No. 89–3099.

United States District Court, District of Columbia.

April 3, 1990.

---

Elaine Mittleman, Falls Church, Va., for plaintiffs.

Roslyn A. Mazer, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

This tort action arises out of a highly-publicized dispute between divorced parents over their minor child. Plaintiffs originally filed the complaint in the Superior Court of the District of Columbia, but defendants removed it to this Court pursuant to 28 U.S.C. § 1441 by reason of diversity of citizenship under 28 U.S.C. § 1332. Defendants then moved for summary judgment or to dismiss on a number of grounds, and plaintiffs opposed. Subsequently, plaintiffs have moved for leave to file an amended complaint, seeking, *inter alia*, to add the minor child, Hilary Foretich, as a plaintiff and to allege post-complaint conduct by defendants. Defendants have op-

posed. The motions have been fully briefed.

The original complaint alleges that statements relating to the dispute in an article written by defendant Bob Trebilcock and published in the November 1988 issue of *Glamour* magazine and additional statements in a letters to the editor section in the January 1989 *Glamour* injured the plaintiffs, Eric Foretich and his parents, Vincent and Doris Foretich.[1] Two claims were then alleged: (1) publication of false and defamatory material; and (2) invasion of privacy or "false light" defamation.[2]

Plaintiffs' proposed amended complaint expanded the original complaint in several significant respects:

First, the proposed amended complaint seeks to add Hilary Foretich, Eric Foretich's minor child, as a plaintiff, suing by Eric Foretich as her father and next friend.

Second, the proposed amended complaint alleges that *Glamour* gave the Friends of Elizabeth Morgan, a group supporting Foretich's former wife, permission to "use" the original November 1988 *Glamour* article to create "a negative image" of Eric Foretich.

Third, the proposed amended complaint seeks damages for statements in the December 1989 *Glamour*, which was published after the October 1989 filing of the original complaint.

Fourth, the proposed amended complaint seeks to add a cause of action for intentional infliction of emotional distress for all plaintiffs.

The Court will first address the motion to amend the complaint and add a plaintiff and then proceed to consider aspects of the summary judgment/dismissal motion.

*Motion to add Hilary Foretich
as a plaintiff*

Plaintiffs' motion to add Hilary Foretich as a plaintiff must be denied. Pursuant to Fed.R.Civ.P. 21, parties may be added by order of the Court "on such terms as are just." Here it would not be just or appropriate to add Hilary Foretich as a plaintiff.

Under D.C. law a custodial parent may bring a next friend suit. *See Harmatz v. Harmatz,* 457 A.2d 399, 401 (D.C.1983). Defendants have produced Superior Court records indicating that Eric Foretich is not Hilary's custodian, and plaintiffs have not produced any authority indicating that the non-custodial parent may sue as next friend.

Plaintiffs, in their reply brief ask the Court to appoint Eric Foretich as Hilary's guardian ad litem pursuant to Fed.R.Civ.P. 17(c). That provision states:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

This provision is not applicable under the circumstances of this case. In the course of the continuing dispute over Hilary, the Superior Court appointed a guardian ad litem to protect Hilary's interests. Plain-

---

**1.** Defendants alleged in their Notice of Removal to this Court that defendant *Glamour* magazine is not a legal entity and should be removed as a defendant and that defendant Conde Nast Publications was merged into Advance Magazine Publishers, Inc., in September 1988, i.e. prior to the events that gave rise to this suit. In addition, defendants allege in their answer that defendant S.I. Newhouse, Jr., is "far removed" from the work of *Glamour* and cannot be held liable. Defendants' answer also raised serious questions regarding personal jurisdiction and venue. Defendants do not address these contentions in their motion papers, and plaintiffs have not directly responded to them, so the Court will not act on them at this stage.

**2.** In addition to the defendants discussed above and in footnote 1, plaintiffs have sued Judith Coyne, whom plaintiffs allege edited the article for *Glamour.*

tiffs do not dispute this point. The battle over Hilary continues in the Superior Court. It would be wholly inappropriate to recognize either parent as an appropriate guardian in any case. Since both D.C. and Virginia toll the statute of limitations for suits by minors until they reach majority age, any rights Hilary may have remain protected into the future. *See* D.C.Code § 12–302; Va.Code § 8.01–229.

### *Motion to amend the complaint*

Because defendants have already answered the complaint, leave of the Court to amend is required. Fed.R.Civ.P. 15(a). Pursuant to Rule 15(a), leave to amend a pleading shall be freely granted "when justice so requires." Defendants have not alleged bad faith by plaintiffs or undue prejudice to themselves. Defendants do allege that amendment of the complaint would be futile because the claims in the original complaint are time-barred, but for reasons discussed below, the Court cannot fully dispose of this issue on the present record. Accordingly, the motion to amend the complaint shall be granted, except insofar as it purports to add Hilary Foretich as a plaintiff or assert claims on behalf of Hilary Foretich.

Turning next to defendants' motion to dismiss or for summary judgment, which the Court will consider as to certain aspects covered by both the original and the amended complaint, it first considers one cause of action alleged.

### *"False light" invasion of privacy*

■ Defendants move to dismiss plaintiffs' claim for "false light" invasion of privacy on the grounds that (1) Virginia substantive law applies and (2) Virginia law does not recognize "false light" claims. The Court concludes that defendants are correct on both points and dismisses the claim.

It is clear that Virginia law does not recognize a common law tort of "false light" defamation. *Brown v. American Broadcasting Co.*, 704 F.2d 1296, 1302 (4th Cir.1983). Indeed, Virginia recognizes no right to privacy other than that specifically conferred by Va.Code § 8.01–40, which provides a cause of action for unauthorized use of a person's name or likeness for commercial purposes. *Falwell v. Penthouse Int'l Ltd.*, 521 F.Supp. 1204, 1206 (W.D.Va.1981). Plaintiffs have made no effort to plead the elements of a § 8.01–40 cause of action.

Plaintiffs, however, urge that the "truly unique facts of this case"—mainly that the underlying litigation over Hilary occurred in the District—mandate that D.C. substantive law be applied. The District recognizes "false light" claims. *See, e.g., Dresbach v. Doubleday & Co.*, 518 F.Supp. 1285, 1291 (D.D.C.1981). However, under traditional choice of law analysis, plaintiffs' argument must be rejected.

District of Columbia courts apply an "interest analysis" approach to choice of law questions; a court must "evaluate the governmental policies underlying the applicable conflicting laws and ... determine which jurisdiction's policy would be most advanced by having its law applied to the facts of the case under review." *Williams v. Williams*, 390 A.2d 4, 5–6 (D.C.1978).

All three plaintiffs are residents of Virginia, and Eric Foretich's oral surgery practice is in Virginia. The District's interests will not be advanced by the application of its "false light" tort to a resident of another state. *See Pearce v. E.F. Hutton Group, Inc.*, 664 F.Supp. 1490, 1497–98 (D.D.C.1987). Moreover, Virginia has no interest in permitting its citizens to recover under a theory that Virginia itself chooses not to recognize. *Id.* at 1497. Accordingly, as in *Pearce*, a "false conflict" is presented by the plaintiffs' "false light" claim. Neither jurisdiction has an interest in applying D.C. law to the claim. Virginia law applies,[3] no cause of action exists, and

---

**3.** The general rule is that the substantive law to be applied in a defamation action is that of the place where the plaintiff suffered the most significant harm to reputation. *Liberty Lobby, Inc. v. Dow Jones & Co., Inc.*, 838 F.2d 1287, 1293 n.

3 (D.C.Cir.), *cert. denied*, 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). The papers strongly indicate that Virginia is where the Foretichs' reputations would have been most seriously harmed.

the count will be dismissed.[4]

### Statute of limitations

Defendants move to dismiss or for summary judgment on the ground that all claims in the complaint are time-barred. It is necessary to resolve this issue promptly and on a priority basis, since it may prove decisive.

■ Limitations periods in diversity cases in this Court are fixed by District of Columbia law. *Steorts v. American Airlines, Inc.*, 647 F.2d 194, 197 (D.C.Cir.1981). Plaintiffs' claim for publication of defamatory and false material is covered by the District of Columbia limitations period for libel, which is one year. D.C.Code § 12–301.

■ Although the parties have not briefed this issue, the same one-year limitations period must apply to the other remaining claim in the complaint, intentional infliction of emotional distress. The District of Columbia Code does not provide a specific limitations period for this tort, but this Court has repeatedly held that where the alleged intentional infliction of emotional distress arises out of other unlawful conduct, the appropriate limitation period is that of the underlying conduct. *See Thomas v. News World Communications*, 681 F.Supp. 55, 72–73 (D.D.C.1988) (one-year limitation period applies to intentional infliction of emotional distress claim that is intertwined with claims for libel, defamation, assault and battery); *Weiss v. International Brotherhood of Electrical Workers*, 729 F.Supp. 144, 147 (D.D.C. 1990); *Burda v. National Ass'n of Postal Supervisors*, 592 F.Supp. 273, 281 (D.D.C. 1984), *aff'd*, 771 F.2d 1555 (D.C.Cir.1985); *Tel–Oren v. Libyan Arab Republic*, 517 F.Supp. 542, 550 (D.D.C.1981), *aff'd*, 726 F.2d 774 (D.C.Cir.1984), *cert. denied*, 470

U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).

Accordingly, the three-year limitations period in D.C.Code § 12–301 for actions "for which a limitation is not otherwise specifically provided" is clearly not applicable, and the limitations period for both remaining counts in the complaint is one year.[5]

■ The article that is the central focus of the complaint was published in the November 1988 issue of *Glamour*. An affidavit from Conde Nast's director of distribution and postal affairs states that the November 1988 *Glamour* was mailed second-class to some 793,000 subscribers, including subscribers in Virginia and the District of Columbia, beginning on or about September 27, 1988 and ending October 4, 1988. According to this affiant, Conde Nast also began shipping this issue to wholesalers on September 20, 1988, and the date on which retailers were scheduled to place the issue on sale was October 11, 1988. In addition, three magazine wholesalers—one in the New York/northern New Jersey area, another in Denver, and a third in Dallas—have submitted affidavits stating that they placed copies, 77,000, 15,-600, and 25,000, respectively, of the November 1988 *Glamour* on sale to the public in their respective distribution areas between October 10 and October 12, 1988.

Plaintiffs filed their original complaint in Superior Court on October 16, 1989. Although they insist that the actual publication date of the November 1988 *Glamour* is a genuine disputed issue of material fact, they have not provided any verified facts refuting defendants' explicit proof that the November 1988 *Glamour* was on sale by October 12, 1988, at the latest. The mere assertion of counsel—within a brief and without any supporting affidavit—that she telephoned local retail outlets and was in-

---

4. The Court also notes that aspects of the underlying dispute have been extensively litigated in federal court in Virginia. Morgan and Hilary sued Eric Foretich and his parents for sexual abuse and intentional infliction of emotional distress, and the Foretichs counterclaimed against Morgan for defamation, publication of private facts, false light publicity and intentional infliction of emotional distress. *See Morgan*

*v. Foretich*, 846 F.2d 941 (4th Cir.1988). The Foretichs' claims in that case predated publication of the *Glamour* pieces.

5. The Court notes that Virginia, like D.C., has a one-year limitations period for defamation actions. Va.Code § 8.01–248.

formed that the February 1990 issue of *Glamour* was on sale January 16 or 17, 1990, is immaterial.[6] Counsel's casual approach does not meet the requirements of Fed.R.Civ.P. 56(e), which states that when a motion for summary judgment is supported by affidavits, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." Plaintiffs have raised no genuine issue of material fact with respect to defendants' claim that the November 1988 *Glamour* was published more than one year prior to the filing of the complaint, and partial summary judgment must be granted as to that point.[7]

Defamation occurs on publication, and the statute of limitations runs from the date of publication. *Fitzgerald v. Seamans*, 553 F.2d 220, 227 (D.C.Cir.1977). A magazine's date of public distribution, i.e. the date the article is made generally available for sale, is the date of publication, notwithstanding the date appearing on its cover. *See Andrews v. Time, Inc.*, 690 F.Supp. 362, 366–67 (E.D.Pa.1988), and cases cited therein. As the alleged intentional infliction of emotional distress arises out of the alleged defamation, the statute of limitations on this claim also runs from the publication date. *See Thomas v. News World Communications*, 681 F.Supp. at 73.

This analysis, coupled with the facts discussed above, would seem to compel dismissal on statute of limitations grounds, but the amended complaint raises a new assertion; it pleads, "Upon information and belief, the November 1988 article has been used by the Friends of Elizabeth Morgan, with the permission of *Glamour*, to facilitate the creation of a negative image of Dr. Foretich and the D.C. Superior Court." Thus plaintiffs appear to allege that someone representing *Glamour* later affirmatively consented to a separate distribution apart from the initial publication. Plaintiffs do not indicate which of the defendants gave such permission, on what date they did so, or how the article was so "used." However, the amended complaint quotes from an article in the October 17, 1989, *Washington Times*, which in turn quotes a member of the Friends of Elizabeth Morgan as saying, "Glamour gave us permission to reprint the piece. We gave it away at our picketing sites, and many, many people took it. The Glamour article was the single most important PR event for us."[8]

The allegation that someone on behalf of *Glamour* consented to a different but not fully specified "use" of the November 1988 article raises the issue of whether a new publication of the text occurred, and whether such new publication gave rise to a new cause of action against one or more of the defendants.

The common law "multiple publication" rule is that each sale of a writing was

---

6. Defendants acknowledge that January 16, 1990, was the on-sale date of the February 1990 *Glamour*, and have submitted a document reflecting the projected sale date of *Glamour* issues dated January through June 1990. These dates range from the 10th to the 16th of the month, and all fall on a Tuesday. October 11, 1988, was also a Tuesday. The affiant wholesalers state that *Glamour*'s on-sale date is always a Tuesday.

7. Plaintiffs incorrectly assert that the on-sale date "must" be established by affidavits of retail outlets. The only authorities plaintiffs cite are a sentence in a treatise that states, "Evidence on a motion for summary judgment of general availability may be submitted through affidavits of operators of retail outlets," S. Metcalf and R. Bierstedt, RIGHTS AND LIABILITIES OF PUBLISHERS, BROADCASTERS AND REPORTERS (1987) at § 1.77, and the case cited by the trea-

tise for that proposition, *Williams v. RHG Publishing Corp.*, 7 Media L.Rep. (BNA) 1372 (N.Y. Sup.Ct.1981). These authorities do not hold that the affidavits of publishers and wholesalers are insufficient as a matter of law for purposes of summary judgment.

8. The amended complaint alleges that the Friends of Elizabeth Morgan distributed copies of the November 1988 *Glamour* to dentists who had professional relationships with Foretich as well as at picketing sites in the District of Columbia. The amended complaint alleges additional connections between Elizabeth Morgan and *Glamour* by reference to (1) the December 1989 *Glamour*, which named Morgan as one of the "Women of the Year" and "the mother of the year," and (2) a newspaper article reporting that Morgan is collaborating on a book with defendant Bob Trebilcock, the author of the November 1988 article.

a separate publication, giving rise to a cause of action. *See Ogden v. Association of the United States Army,* 177 F.Supp. 498, 499–500 (D.D.C.1959). By contrast, the modern "single publication rule" provides that in the case of a single, integrated publication of a periodical or edition of a book, the statute of limitations runs from the date on which a publication was first made available to the general public. *See Fleury v. Harper & Row, Publishers, Inc.,* 698 F.2d 1022, 1026–27 (9th Cir.1983) (California law); *Gregoire v. G.P. Putnam's Sons,* 298 N.Y. 119, 81 N.E.2d 45 (1945). The "single publication rule" was explicitly adopted by Judge Holtzoff of this Court in *Ogden,* 177 F.Supp. at 502, and the Court does not doubt that this modern rule is the appropriate one in this jurisdiction. *See* Restatement (Second) of Torts § 577A at 208 (1977).

■ However, subsequent publications of the same material, such as new editions of a newspaper or book, or rebroadcast of a television program, are new publications triggering a new cause of action and commencing a new limitations period. Restatement § 577A comment d at 210; R. Smolla, LAW OF DEFAMATION § 4.13[4] at 4–66 (1986). Moreover, under the "republication rule," one who republishes a defamatory statement adopts it as his own and is liable for defamation. *See* Restatement § 578; *Liberty Lobby, Inc. v. Dow Jones & Co., Inc.,* 838 F.2d 1287, 1298–99 (D.C.Cir.), *cert. denied,* 488 U.S. 825, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988). If one or more defendants affirmatively consented to use or distribution of copies of the November 1988 *Glamour* article, the case could be taken out of the "single publication" framework, and the limitations period for an action against defendants would extend to one year beyond such use, if the totality of facts and circumstances so warranted.[9]

The Court lacks sufficient information as to when and how the Friends of Elizabeth Morgan allegedly "used" the article and what form the alleged permission from *Glamour* took. Questions of fact are presented. Accordingly, with respect to defendants' motion to dismiss or for summary judgment on claims relating to the November 1988 *Glamour* article on statute of limitations grounds, summary judgment must be granted as to the original publication of the *Glamour* article and denied without prejudice as to any republication. This allows for the possibility that further discovery may indicate that one or more defendants granted permission to republish within the applicable limitations period.

There is no statute of limitations issue with respect to plaintiffs' claims regarding the January 1989 and December 1989 issues of *Glamour,* and these claims remain viable, subject to further developments in the case. Defendants have also moved to dismiss portions of the complaint on two substantive grounds: first, that certain statements are incapable of defamatory meaning, and second, that certain statements are not "of and concerning" certain plaintiffs. However, the Court concludes that these issues must also be deferred pending resolution of the statute of limitations question and a more precise delineation of the issues.

The Court directs that limited discovery shall proceed solely on the issue of whether the November 1988 *Glamour* article was republished with the permission of any of the defendants, the timing of such permission, and the related facts and circumstances. All such discovery shall be completed by July 13, 1990. Defendants shall

9. The Court notes that Virginia law, which does not control the statute of limitations question in this case, would apparently ease plaintiffs' burden. In *Moore v. Allied Chemical Corp.,* 480 F.Supp. 364 (E.D.Va.1979), the court, interpreting Virginia law, held that "a separate cause of action will lie against the original publisher or wrongdoer for the republication of the libelous statement by a third party, when the republication is 'the natural and probable result of what the wrongdoer did,'" *id.* at 376 (quoting *Weaver v. Beneficial Finance Co.,* 199 Va. 196, 98 S.E.2d 687, 692 (1957)), so long as republication occurred during the limitations period with respect to the original publication. However, the approach taken in *Moore,* which dealt with an allegedly defamatory television interview, is far from universally accepted. *See Kramer v. Monogram Models, Inc.,* 700 F.Supp. 1348, 1352–53 (D.N.J.1988); *Davis v. Costa-Gavras,* 580 F.Supp. 1082, 1096–97 (S.D.N.Y.1984).

file any renewed motion for summary judgment with respect to the statute of limitations by August 15, 1990. Plaintiffs shall oppose by September 3, 1990, and defendants shall file any reply by September 13, 1990.[10] No general discovery into the substantive issues in the case shall go forward without prior permission of the Court until the motion has been resolved.

A separate Order accompanies this Memorandum.

### ORDER

Upon consideration of defendants' Motion for Summary Judgment and to Dismiss for Failure to State a Claim, plaintiffs' Motion for Leave to File an Amended Complaint and to Add a Plaintiff, the oppositions thereto, and the entire record herein, and for the reasons stated in the accompanying Memorandum, it is hereby

ORDERED that plaintiffs' motion to add Hilary Foretich as a plaintiff is denied; and it is further

ORDERED that plaintiffs' motion to amend the complaint is granted except insofar as it purports to add Hilary Foretich as a plaintiff and add a third cause of action for "false light" invasion of privacy of Hilary Foretich; and it is further

ORDERED that defendants' motion to dismiss plaintiffs' second cause of action in the amended complaint is granted and the claim of "false light" invasion of privacy is dismissed; and it is further

ORDERED that defendants' motion for partial summary judgment on statute of limitations grounds is granted as to the original publication of the *Glamour* article and denied without prejudice as to any republication; and it is further

ORDERED that limited discovery shall proceed solely on the issue of whether the November 1988 *Glamour* article was republished with the permission of any of the defendants, and such discovery shall be completed by July 13, 1990; and it is further

ORDERED that defendants shall file any renewed motion for partial summary judgment with respect to the statute of limitations by August 15, 1990, plaintiffs shall oppose by September 3, 1990, and defendants shall file any reply by September 13, 1990; and it is further

ORDERED that no general discovery into the substantive issues in the case shall go forward without permission of the Court until the motion has been resolved.

Defendants' motion to dismiss and for partial summary judgment with respect to capability of defamatory meaning and the "of and concerning" requirement remain pending, to be addressed following resolution of the statute of limitations issue and such further specification and discovery as may prove desirable.

---

**10.** Strict compliance by both sides with Local Rule 108(h) is expected.